MICHAEL DROMMIE vs. JOHN HOGAN.

ALEXANDER SMITH vs. SAME.

THOMAS RIGNEY vs. SAME.

DAVID H. BUCHANAN vs. SAME.

TIMOTHY CROWLEY vs. SAME.

Hampden.    September 23, 1890. — January 9, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Master and Servant — Employers' Liability Act — Notice — Defective Appliance.*

Where a notice to an employer recited that an employee was injured by " a defective or insufficient staging, and the fall of the staging," it was *held* that, even if the notice did not sufficiently designate the cause of the injury, within the St. of 1887, c. 270, § 3, there was evidence properly submitted to the jury that there was no intention to mislead, and that the employer was not in fact misled thereby.

Five actions of tort against an employer for personal injuries to different employees, caused by the fall of a staging alleged to be defective, were tried together. There was evidence against one of the plaintiffs only, that a stone they were lifting dropped upon the staging. The defendant asked for a ruling, that, if the stage was made to fall by a stone dropping upon it by any fault of the plaintiffs or their fellow servants, subjecting it to an unusual and extraordinary strain not reasonably to be expected, no recovery could be had. The judge refused so to rule, and, no particular instructions being asked as to any one case, gave instructions requiring the jury to find for the defendant if they found

that the fall of the stone was the sole cause, or à contributory cause, of the giving way of the staging, and was by the fault of such plaintiff or his fellow servants. *Held,* that the defendant had no ground of exception.

FIVE ACTIONS OF TORT, under the St. of 1887, c. 270, for personal injuries occasioned to the plaintiffs by the fall of a staging. The cases were tried together in the Superior Court before *Dewey*, J., who allowed a bill of exceptions, which, so far as material to the points decided, was as follows.

The plaintiffs offered in evidence the following notice, dated Springfield, August 26, 1889, and addressed to the defendant, a copy of which was signed and served upon the defendant by the plaintiff in each case :

"You are hereby notified that I was injured, August 2d, 1889, by reason of a defective or insufficient staging and the fall of the staging at the new Catholic church building now in process of erection on Chestnut Street in this city."

The plaintiffs contended, and offered evidence to show, that the staging fell by reason of the unsound condition of a ledger board. The defendant contended that he was misled by the notice, and upon this point the evidence was that the defendant came to the scene of the accident soon after it occurred and assisted in taking away the injured men ; and that the fallen staging including the broken ledger board then lay in a heap upon the ground. The defendant, called as a witness by the plaintiff, testified that he saw the condition of the staging at the time as much as any one ; that he did not know what defect was referred to in the notice, and had been deceived all along; that he knew what accident was referred to in the notice, and knew that it referred to this accident at this particular place; that he did not know that the ledger board was broken ; and that he knew the cause of the accident, or was presumed to know it.

The defendant further testified, that he did not know what made the staging fall, except that the five men had been standing on the staging all the forenoon engaged in carrying heavy stone over it; that Drommie, upon being questioned, told him that Buchanan, who was engaged in handling a stone, " called me [Drommie] to lift the stone and we got the stone so high (showing), and we let the stone fall down"; and that the fall of a heavy stone upon the staging, from the height indicated by

Drommie, would have a dangerous effect upon any staging; and that the staging must have come down because of the falling of the stone upon it. There was no other evidence that a stone fell on the staging, and the plaintiff Drommie denied that he made the statement testified to by the defendant. The plaintiffs offered evidence that no stone fell on the staging.

The defendant asked the judge to rule that the notice was insufficient. The judge refused so to rule, but ruled that there was evidence for the jury on the question whether the defendant was misled, and left to them, under instructions not objected to, the question whether the defendant was in fact misled; and the defendant excepted.

The defendant also asked the judge to rule, that, "if any of the fellow servants of the plaintiffs, or either of the plaintiffs, not being in any relation of superintendency to the work or men, dropped a stone upon the staging, thereby subjecting the same to unusual and extraordinary strain, which was not reasonably to be expected, and the staging fell because of such unusual and unexpected strain, the plaintiffs could not recover." The judge being of the opinion that there was no evidence on which to base the defendant's request above quoted, if the same was correct, except as to Drommie, refused so to rule, and instructed the jury, among other things, that the defendant " was held to the obligation of having his staging reasonably safe, suitable, and convenient for the uses and the purposes for which it was intended and designed, and to be applied. This obligation rests upon him with regard to his operatives or servants in reference to that staging, provided the staging is used by them with reasonable prudence and caution. The law does not hold him to make a staging that shall be sufficient for any negligent and careless use which the servants may make of it, any unreasonable, reckless, or imprudent use. . . . The plaintiffs have upon them the burden, as all plaintiffs have. They have the duty of convincing the jury that there has been a failure on the part of the defendant to comply with these requirements, and that through this failure they have suffered injury. . . . Not only must the defect be made to appear, but the negligence of the employer, or some one in his employ, and for whose action he is responsible; the negligence of the employer producing the effect

must also be established. . . . There is another principle that comes in here. Here are five cases tried together. I said to you that Hogan, while his obligations were to have this staging in such a condition as I have described, had also a right to assume that it would be used with reasonable care and prudence by those men; and if the accident was due to a failure on the part of the men to use the staging with reasonable care and prudence, the staging being otherwise sufficient, he would not be liable. And in this respect, either of these men is liable to be affected in his right of recovery by the carelessness of any other one of Hogan's servants, not only of the number who are here as plaintiffs, but of any who were working upon this staging. . . . If the employer furnishes them with a proper staging, and through the carelessness of one of the men at work upon it an accident occurs, that would not render the employer responsible. And that principle applies in this case so far as there may be facts to sustain it. It is argued here that there is some evidence tending to show such improper use by one of the plaintiffs by dropping a stone."

The jury found for the plaintiff in each case; and the defendant alleged exceptions.

*G. M. Stearns*, for the defendant.

*H. K. Hawes*, for Crowley.

*E. P. Kendrick*, for the other plaintiffs.

W. ALLEN, J. If the words, " by reason of a defective or insufficient staging, and the fall of the staging," were an insufficient statement of the cause of each plaintiff's injury in the notice given to the defendant, which we do not decide, there was evidence properly submitted to the jury that there was no intention to mislead, and that the defendant was not in fact misled thereby.

The prayer for a ruling that, if the fall of the staging was caused by a stone dropped upon it by either of the plaintiffs or their fellow servants, subjecting it to unusual and extraordinary strain, which was not reasonably to be expected, the plaintiffs could not recover, was properly refused. The only evidence in regard to the dropping of a stone was the testimony of the defendant that Drommie, one of the plaintiffs, said to him, Buchanan " called me [Drommie] to lift the stone and we got the

stone so high (showing), and we let the stone fall down."
There was no other evidence that a stone fell, and this testi-
mony was denied by Drommie. There was no evidence that a
stone fell as against any of the plaintiffs except Drommie, and
the prayer for a ruling in all the cases was, for that reason,
properly refused. If the prayer related to Drommie's case alone,
we think that the ruling asked, so far as it was correct, was suf-
ficiently given in the instructions to the jury. Under the in-
structions given, the jury must have found in Drommie's case
that the staging was defective, that the defect caused it to fall,
whereby the plaintiffs were injured, and that no negligence of
the plaintiff, or of a fellow servant, was a contributing cause.
The instructions given required the jury to find for the defend-
ant if they found that the fall of the stone was the sole cause of
the giving way of the staging, or if it was a contributing cause
with the defect, and was by the fault of the plaintiff, or of his
fellow servants. Construed as a request for a ruling that, if the
dropping of a stone was the sole cause of the fall of the staging,
the plaintiffs could not recover, the ruling was made in substance
and sufficiently; construed as a request for a ruling that, if the
dropping of a stone was a contributing cause of the injury and
was a pure accident, the plaintiffs could not recover, the prayer
was properly refused. In this aspect, the degree of the strain
upon the staging caused by the stone is immaterial.

Upon the questions whether the staging was defective, and
whether the defect caused its fall, the degree of force and pres-
sure under which it gave way would be material; but after it is
found that the staging was defective, and that the defect caused
it to fall, and that an accidental strain was a contributing cause,
the force and violence of that strain are immaterial; it could do
no more than contribute to the injury, and the degree of contri-
bution cannot be apportioned. The strain, however extraordi-
nary, was the result of an accident which happened, and was
liable to happen, in the ordinary use of the staging. It would
have been manifest error to instruct the jury, that, if they found
that the staging was defective through the negligence of the
defendant, and that that defect caused it to fall, and that no
negligence of the plaintiffs or their fellow servants contributed
thereto, yet the plaintiffs could not recover if the accidental

dropping of a stone upon the staging was a contributing cause of its fall. The circumstances did not call for particular, full, or explicit instructions in regard to the effect of the evidence in Drommie's case, which tended to show that a stone fell upon the staging. No instructions were asked as to his case alone. The instructions given upon the five cases tried together contained in substance all that could have properly been given in Drommie's case, and there was no request to give instructions especially applicable to his case.

No other exception has been argued, and we find no error in any ruling or refusal to rule of the court.

*Exceptions overruled.*