DELIA BEAUREGARD *vs.* WEBB GRANITE AND CONSTRUC-
TION COMPANY.

Worcester.    October 4, 1893. — November 29, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Employers' Liability Act — Election — Separate Allegations in Separate
Counts — Notice.*

All the grounds of liability which there is any evidence to support under St. 1887,
c. 270, § 1, cls. 1 and 2, may properly be alleged separately in separate counts;
but whether they can all be alleged conjunctively in one count, *quære.*

A notice to an employer under St. 1887, c. 270, recited that an employee was killed
" by a stone being precipitated upon him from your derrick as a result of your
negligence, and of the negligence of some person for whose negligence you are lia-
ble." *Held*, that the notice was either sufficient, or that the jury might find that
there was no intention to mislead, and that the defendant was not misled by it.

FIELD, C. J.    The presiding justice compelled the plaintiff,
at the close of the evidence, " to elect upon which count she
would go to the jury." The declaration contains two counts,
each under St. 1887, c. 270.    The action is by a widow for the
death of her husband, Clement Beauregard, who, it is alleged,
was in the exercise of due care, and died without conscious
suffering while in the employment of the defendant.    The first
count is plainly intended as a count under § 1, cl. 1, of the statute,
and the second count is under clause 2 of the same section.    The
evidence, so far as it is recited in the report, tends to show no
defect in the derrick and its appliances which were used by the
defendant.    The evidence shows that the stone, which was to be
raised by the derrick by means of a pair of iron hooks called dogs,
had no hole drilled in it on one side for the insertion of one of the
hooks of the dogs, and that Page, who had charge of the work
for the defendant, being impatient that the plaintiff's husband
did not sooner get a drill and hammer, as he had ordered him to
do, presumably for the purpose of drilling a hole in this side of
the stone, directed the engineer to raise the stone as it was, that
this was done, and that the dogs slipped, the stone fell, and a
piece rolled and fell upon the plaintiff's husband and killed him.
If the report recites all the evidence, then there was no evidence

to support the first count, and the plaintiff was not harmed by being compelled to elect, as she elected, to proceed under the second count.

We think, however, that in this case the plaintiff should not have been compelled to elect upon which count she should proceed. The clauses in the first section of the statute state the separate grounds on which a defendant may be liable. The evidence in any particular case may make it uncertain on which ground the liability of the defendant depends, if there is any liability; therefore a plaintiff ought to be permitted to allege all the grounds of liability which there is any evidence to support, and these we think may properly be alleged separately in separate counts. Whether they can all be alleged conjunctively in one count, it is unnecessary now to decide. The whole liability of the defendant for the death of an employee ought to be tried in one action, and judgment in that action ought to be a bar to any subsequent action between the same parties for the same cause of action. The two counts, we think, are not inconsistent in the legal sense; they only state separate grounds of liability under the same statute for the same ultimate act. There are not two causes of action, but only one, and the two counts state the different legal reasons why under the statute the defendant may be liable in damages for the death of Clement Beauregard.

It is argued that the notice was insufficient in describing the cause of the injury as applied to the second count, and the presiding justice so ruled. The notice describes a defect in the ways, works, and machinery, and charges negligence on the part of a person intrusted with and exercising superintendence, in the words of clauses 1 and 2 of the first section of the statute, and particularly states that the deceased was killed " by a stone being precipitated upon him from your derrick as a result of your negligence, and of the negligence of some person for whose negligence you are liable." It is said that the stone fell upon the deceased because there was negligence in raising it and no warning was given to him, and that this was the real cause of his death. We think that the notice substantially states this. It gives information that the cause was the fall of a stone from a derrick upon the deceased through the negligence of the defendant or of its superintendent, and it is either ·sufficient in itself, or the

jury might find it sufficient on the ground that there was no intention to mislead, and that in fact the defendant was not misled by it. *Drommie* v. *Hogan*, 153 Mass. 29. *Canterbury* v. *Boston*, 141 Mass. 215. In accordance with the terms of the report, there must be a                                    *New trial.*

*W. A. Gile*, for the plaintiff.

*F. A. Gaskill*, for the defendant.