JOHN J. O'BRIEN *vs.* NUTE-HALLETT COMPANY.

Suffolk. November 12, 1900. — January 4, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

In an action by a laborer to recover from his employer for injuries caused by the negligence of the defendant's superintendent, it appeared that the superintendent employed the plaintiff to assist in delivering grain, that the plaintiff and the superintendent examined a bin in which the plaintiff was to work, that it was dark, and, on the plaintiff saying that he could not see the bottom of the bin, the superintendent told him that it was all right and to come away, and afterwards ordered him to get into the bin and go to work, that the plaintiff did so, and instead of landing on a floor or bottom of the bin fell astride a joist and was injured. *Held,*

that the jury were justified in finding, that the plaintiff was in the exercise of due care, and that the superintendent was negligent in ordering the plaintiff into the bin.

TORT, to recover for injuries received by the plaintiff while in the employ of the defendant corporation by reason of the alleged negligence of the defendant's superintendent. Writ dated April 7, 1898.

At the trial in the Superior Court, before *Maynard*, J., it appeared that the defendant corporation had undertaken to deliver certain grain at the stables of Houghton's Brewery in Boston, and that the work was in charge of one Henry O. Nute as superintendent. Nute employed the plaintiff as a laborer to assist in the work. The plaintiff was directed by Nute to get into a bin and did so, expecting to land on a floor or bottom of the bin, instead of which he fell astride of a joist and was seriously injured. The plaintiff in his testimony described the accident as follows:

"Nute took me over to the bin, and he says, ' John, this is the bin. Now,' he says, ' I want you to do the work on the inside of the bin. You keep the grain well back in the bin so that it won't come out to the front of the bin, and when the bin is full I will place the rest of it down in the end of the loft,' and he showed me how to keep it trimmed up. Previous to leaving the front of the bin he and I examined the bin to see if it was empty. We couldn't see into the bin because it was dark, and I kind of reached over the front part. I says, ' I can't get the bottom.' He says, ' It is all right, John; I guess it is empty; come away and I will show you where to place the rest of it,' I going with him to the left-hand part of the loft, and he showing me where to place it. After that we started to take up the grain from the outside. . . .

" I placed them [the bags of grain] on the truck for Mr. Nute, and as soon as I had the last bag on he says, ' You go and get into the bin and keep the grain well back the way I told you, and Allen is outside there to help you,' he says, ' with the bags.' He was to cut the strings. I went over and I put my hand on the front part of the bin and jumped up on to the opening, swung my legs around and let myself drop, thinking I was going to drop on to the floor; and I found my legs had gone through

the flooring as I thought, and I was stopped by a joist, as I found afterwards."

At the close of the plaintiff's evidence the defendant requested the court to rule that upon all the evidence the plaintiff was not entitled to recover, and to order a verdict for the defendant. Both of these requests were refused, and the defendant excepted.

The jury found for the plaintiff in the sum of $6,000; and the defendant alleged exceptions.

*C. S. Knowles,* for the defendant.

*J. B. Moran,* for the plaintiff.

BARKER, J. The court below was right in refusing to order a verdict for the defendant. The assurance of the superintendent that the bin was all right when he and the plaintiff were examining the bin, coupled with the order to come away from it, and the subsequent order for the plaintiff to get into the bin, justified a finding that the plaintiff was in the exercise of due care, and that the superintendent was negligent in ordering the plaintiff into the bin.

The contention that the plaintiff could not avail himself of the superintendent's statement that the bin was all right, because it was not alleged in the declaration, is not shown to have been made at the trial, and is not open.

*Exceptions overruled.*