MOSES SNOW vs. REVERE RUBBER COMPANY.

Suffolk.   January 11, 1912. — February 27, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Negligence,- Employer's liability.*

A carpenter in going from the roof of one building to that of another used a ladder which he placed with its iron spurs implanted in the tar of a sloping gravel roof. While he was working on the roof of the adjoining building, a superintendent of his employer inserted two pieces of board under the spurs of the ladder without giving the carpenter any warning of the change. When the carpenter started to descend the ladder it slid out .from the bottom and he was injured. *Held,* that, although the act of inserting the boards was a manual one, the adoption of the plan of resting the spurs of the ladder on unsecured boards upon a sloping gravel roof could be found to have been an act of superintendence under R. L. c. 106, § 71, cl. 2, and to have been negligent.

TORT under R. L. c. 106, § 71, cl. 2, for personal injuries alleged to have been received by the plaintiff on May 7, 1908, while in the employ of the defendant as a carpenter at its rubber factory in Chelsea and caused by the negligence of a superintendent of the defendant, one John S. Murray. Writ dated April 8, 1909.

In the Superior Court the case was tried before *Sherman,* J. The material facts in evidence and the course of the trial are stated in the opinion. At the close of the evidence, the defendant asked the presiding judge to rule as follows:

"1. On all the evidence the plaintiff is not entitled to recover."

"3. On all the evidence the plaintiff is not entitled to recover under the second count of his declaration." [The second count alleged as the cause of action negligence of a superintendent.]

"6. On all the evidence the plaintiff is not entitled to recover by virtue of the employers' liability act."

"15. The employer is not answerable for the negligence of Murray, if, at the time and in doing the act complained of, he was not exercising superintendence but was engaged in mere manual labor.

"16. Unless the act of Murray is one of direction or of oversight, tending to control others and to vary their situation or action because of his direction, the defendant is not responsible.

"17. The act of Murray in placing the boards in question under the ladder in question, being a mere act of manual labor, is not an act of superintendence.

"18. Murray's act, in suffering and permitting the boards in question to remain under the ladder in question was not an act of superintendence.

"19. Murray's failure to warn the plaintiff under the circumstances that the boards had been placed under the ladder was not an act of superintendence.

"20. Murray's exposing the plaintiff to any danger resulting from the arrangement of the ladder with the boards thereunder, was not an act of superintendence."

The jury found for the plaintiff in the sum of $4,000; and the defendant alleged exceptions, which, after the resignation of *Sherman,* J., were allowed by *Pierce,* J.

*E. C. Stone,* for the defendant.

*C. H. Donahue,* (*H. W. Hardy* with him,) for the plaintiff.

DeCourcy, J. The controlling question in this case is whether the plaintiff's fall was caused by the negligence of the superintendent Murray while exercising superintendence. The evidence tended to establish the following facts. On the day of the accident and on the day before, a ladder ten or twelve feet long was used by the plaintiff in going between the main roof and the monitor roof of the defendant's electrical building, a distance of about seven feet. He had placed it in a secure position, with the foot of the ladder two or three feet from the base of the monitor and its iron spurs implanted in the tar of the main roof. While the plaintiff was working upon the roof of an adjoining building Murray, who was conceded to be a superintendent within the meaning of the employers' liability act, placed under the spurs of the ladder two pieces of smooth board about three inches in width, one of them a foot and the other three or four feet in length. Shortly afterwards the plaintiff, unaware of what Murray had done, started down the ladder, when it slid out from the bottom and he fell with it, thereby sustaining the injuries complained of. It was admitted that due notice was given as required by the statute. The verdict was on the second count, alleging negligence of the defendant's superintendent.

The defendant contends that there was no evidence that Murray

did anything carelessly, and that, even if he did, the act was one of mere manual labor and not one of superintendence. It concedes that the jury would be warranted in finding that the boards were placed under the ladder by Murray, but argues that there was no evidence that he placed them there carelessly. The plaintiff's complaint, however, during the trial and in this court, was not that the ladder or boards were defective, or that Murray was careless in the mere manual act of inserting the boards, but that the plan of resting a ladder on unsecured boards upon a sloping gravel roof was an improper and negligent arrangement. The record makes it apparent that the proper performance of the manual act of placing the boards under the ladder was not an issue in the trial. And it is evident from the charge that the question submitted to the jury, "Was John S. Murray, the superintendent, guilty of negligence," referred only to the adoption by him of an alleged dangerous plan. The judge said to the jury: "Now the claim is by this plaintiff that because he put two boards under the ladder, leaving it exactly the same in every other way, that that caused it to slip out from the bottom; . . . that is the nub of this case." And he instructed them that if Murray, by placing boards under the ladder instead of having it rest on the roof, did what the ordinarily prudent man would do, he was not guilty of negligence; but that if such was not the usual and proper way to place a ladder, or if Murray with his experience and knowledge ought to have anticipated that a ladder so placed would fall, then he might be found guilty of negligence. And no exception was taken to the charge by the defendant.

The jury specially found, and were warranted by the evidence in finding, that the plaintiff was in the exercise of due care, that the ladder did slip or slide out from the bottom while the plaintiff was on it, and that Murray the superintendent was guilty of negligence; and they also assessed the plaintiff's damages. The judge submitted the special questions to counsel before he instructed the jury upon them, and no objection was made to this method of dealing specifically with the issues in the case. Upon the answers returned by the jury the plaintiff was entitled to the verdict which the court directed.

We now deal with the defendant's requests for rulings. It is clear that the court could not give the first, third or sixth, each

to the effect that on the evidence the plaintiff was not entitled to recover as matter of law. There was evidence for the jury of the plaintiff's due care and of negligence on the part of the defendant. The requests numbered 15, 16 and 17, calling attention to the non-liability of the defendant for mere manual acts of Murray, were not called for upon the issue actually tried, as hereinbefore explained. The only negligence of the superintendent relied upon by the plaintiff and submitted to the jury was that involved in Murray's determination to secure the ladder in place by putting loose boards under it, an alleged unsafe arrangement, and not in any careless act in the execution of that arrangement. If the accident was due to the careless adoption by the superintendent of an unsafe plan for holding the ladder immovable, the defendant is equally liable whether the manual work is performed by the superintendent himself or by a fellow workman ordered by the superintendent to perform it. *Kushnizki* v. *New England Biscuit Co.* 210 Mass. 177, and cases cited.

The requests numbered 18, 19 and 20 were rightly refused. The proximate cause of the injury was not merely the permitting of the boards to remain under the ladder, nor solely the exposing of the plaintiff to the danger resulting therefrom, but the determination that this plan of holding the ladder in position should be adopted, and the carrying out of the arrangement without giving warning to the plaintiff of its danger. Under the circumstances the duty to warn became a part of the duty of superintendence. *Mooney* v. *Benjamin F. Smith Co.* 205 Mass. 270.

There remains to be considered a question of evidence. The writ, declaration and record of proceedings in an action for the same injuries, brought on behalf of the plaintiff in the municipal court and discontinued before the date of the present action, were offered by the defendant and excluded. The writ was offered for the purpose of showing the amount claimed for damages in the former action; and the argument is urged that it was an admission against interest. But there was no offer of evidence that the plaintiff was consulted by his attorney in fixing the *ad damnum,* or that he even knew what amount was inserted in the writ. As the evidence was not competent as an admission it is unnecessary to decide whether R. L. c. 173, § 85, providing that "pleadings shall not be evidence on the trial," is applicable. The exception to the exclusion

of the declaration was waived. The certified copy of the proceedings was immaterial. The plaintiff had a right in the former case to vacate the judgment in favor of the defendant by an appeal to the Superior Court, and to discontinue the action later. *Derick* v. *Taylor,* 171 Mass. 444. *Carpenter & Sons Co.* v. *New York, New Haven, & Hartford Railroad,* 184 Mass. 98. The jury would not be aided and might be prejudiced against the plaintiff by learning what disposition was made of the earlier case in the lower court. They could properly decide this action only upon the law and the evidence presented to them.

*Exceptions overruled.*