WILLIAM H. WHALEN *vs.* NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY.

Hampden.    September 25, 1917. — October 29, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Negligence,* Employer's liability. *Wires. Electricity. Notice.*

If a superintendent of a telephone company at twenty minutes before three o'clock in the afternoon orders one of his workmen to go upon a pole to paint it, the pole supporting not only the wires of the telephone company but also upon an upper cross arm the wires of an electric light company, and assures the workman that the electric light wires on the top cross arm are not charged with electricity and are "always dead until after four o'clock," whereas the electric light wires are charged with a dangerous voltage of electricity, and the workman thereupon, obeying the superintendent, ascends the pole and receives a shock of electricity which causes him to fall to the ground, sustaining injuries, in an action by him against his employer for his injuries thus sustained there is evidence for the jury that the order was a negligent one and that it was given by the superintendent within the scope of his authority.

In the same case it appeared that the notice of the time, place and cause of the injury given by the plaintiff under St. 1909, c. 514, § 132, as amended by St. 1911, c. 178, after stating the time and place of the accident, stated that "The injuries were caused by defective insulation and improper covering of wires upon the cross arms or gains of said pole, said wire being charged or electrified at the time, with electricity or other powerful current which caused [the plaintiff] to receive a shock or charge which resulted in his falling to the ground and receiving a broken leg." No objection to this notice was made at the trial. At the argument before this court the defendant sought to raise the question of the suffi-

ciency of the notice upon an exception to the refusal of the trial judge to rule that upon the pleadings and evidence the plaintiff was not entitled to recover. *Held,* that, assuming that the objection was open to the defendant, the notice sufficiently stated the cause of the accident without specifying that the direct cause of the plaintiff's injury was the negligence of the defendant's superintendent.

In the same case it was *held,* that, even if the notice had been insufficient in stating the cause of the injury, it was plain on the record "that there was no intention to mislead, and that the employer was not in fact misled thereby," the defendant through its superintendent having been in possession of all the facts.

TORT for personal injuries sustained on January 17, 1912, when the plaintiff was employed by the defendant as a lineman, by reason of the negligence of a superintendent of the defendant. Writ dated January 4, 1913.

The fourth count of the plaintiff's declaration alleged that the plaintiff received his injuries "by reason of the negligence of some person in the service of the defendant entrusted with and exercising superintendence and whose sole and principal duty was that of superintendence."

In the Superior Court the case was tried before *King,* J. The evidence is described in the opinion. At the close of all the evidence the defendant asked the judge to make the following rulings:

"1. Upon the pleadings and all the evidence the plaintiff is not entitled to recover in this action."

"5. The plaintiff is not entitled to recover under the fourth count of his declaration."

"8. The plaintiff as a matter of law was not in the exercise of due care.

"9. There is no evidence in the case which would warrant the jury in finding negligence on the part of the defendant or on the part of any one for whose conduct the defendant was legally responsible to the plaintiff."

The judge refused to make any of these rulings and submitted the case to the jury on the fourth count of the declaration. The jury returned a verdict for the plaintiff in the sum of $4,000; and the defendant alleged exceptions.

St. 1909, c. 514, § 132, as amended by St. 1911, c. 178, is as follows: "No action for the recovery of damages for injury or death under the provisions of the five preceding sections shall be maintained unless notice of the time, place and cause of the injury is

given to the employer within sixty days, and the action is commenced within one year, after the accident which causes the injury or death.   Such notice shall be in writing, signed by the person injured or by a person in his behalf. . . . If, from physical or mental incapacity it is impossible for the person injured to give the notice within the time provided in this section, he may give it within ten days after such incapacity has been removed, and if he dies within said ten days his executor or administrator may give such notice within sixty days after his appointment. . . . A notice given under the provisions of this section shall not be held invalid or insufficient solely by reason of an inaccuracy in stating the time, place or cause of the injury if it is shown that there was no intention to mislead, and that the employer was not in fact misled thereby. . . ."

*J. N. Clark*, for the defendant.

*D. E. Leary, G. D. Cummings & G. F. Leary*, for the plaintiff, submitted a brief.

DE COURCY, J.   The plaintiff was nineteen years of age and had had two months' experience as a lineman.   On January 17, 1912, he was ordered by one Slavin to paint five new poles which had just been erected for the use of his employer, the defendant company, and of the Central Massachusetts Electric Company.   On each pole were two cross arms; the first one twenty-six and one half inches from the top of the pole and supporting three wires of the electric company, the other about forty-six inches below the upper cross arm and supporting wires of the telephone company.   The plaintiff had painted two of the poles and was painting the third in the same manner when he received a shock, fell to the ground and sustained the injuries complained of.

It is now conceded by the defendant that the evidence warranted the jury in finding that the plaintiff was in the exercise of due care, and that Slavin was a superintendent within the meaning of the employers' liability act.   The only question it argues on the merits is that of the negligence of the superintendent.   This issue we think was submitted rightly to the jury.   There was evidence properly admitted, that the order to paint the poles which Slavin gave to the plaintiff was coupled with an express assurance that the electric light wires on the top cross arm were

not charged and were "always dead until after four o'clock." The accident happened about twenty minutes before three o'clock. Under the judge's charge the jury must have found that the statements made by Slavin were in the nature of a direction or command to the plaintiff to do certain work. That work would bring him near and in contact with the electric light wires, and the plaintiff was induced to perform it by the assurance of his superintendent that the wires were "dead." As matter of fact at that time the primary wires carried electricity having a potential of twenty-three hundred volts and were dangerous to the plaintiff while properly doing the work ordered. On the evidence the jury were warranted in finding that the order was a negligent one, and that it was given by Slavin within the scope of his authority as superintendent. *McPhee* v. *Scully,* 163 Mass. 216. *O'Brien* v. *Nute-Hallett Co.* 177 Mass. 422. *Lord* v. *Wakefield,* 185 Mass. 214. *Carriere* v. *Merrick Lumber Co.* 203 Mass. 322.

The other ground relied on by the defendant is the alleged insufficiency under the act of the written notice given to the defendant. No objection is made to the statement therein of the time and the place of the accident. As to the cause of the injury the notice stated: "The injuries were caused by defective insulation and improper covering of wires upon the cross arms or gains of said pole, said wires being charged or electrified at the time, with electricity or other powerful current which caused William H. Whalen to receive a shock or charge which resulted in his falling to the ground and receiving a broken leg," etc.

So far as the record discloses, no objection to the notice was made in the trial court. The defendant now seeks to raise it under his first and fifth general requests for rulings, which were, in effect, that upon the pleadings and evidence the plaintiff was not entitled to recover. Assuming that this objection is open to the defendant at this time, we do not think it can prevail. A reasonably correct statement of the facts relating to the cause of the accident was sufficient, without designating as the ultimate cause the negligence of the superintendent. *Lynch* v. *Allyn,* 160 Mass. 248. *Berube* v. *Horton,* 199 Mass. 421. Nor was it necessary to specify the kind of negligence under one or the other distinct clauses of the statute. *Brick* v. *Bosworth,* 162 Mass. 334. *Coughlan* v. *Cambridge,* 166 Mass. 268. It was enough that the notice

stated, as the cause of the plaintiff's injury, the electric shock by reason of which he fell to the ground. The notice went further and set out as the cause of that cause "defective insulation and improper covering of wires;" which the jury could find to be correct, as the covering on the wire was found to be burned. But, even if that unnecessary statement were incorrect, the statute provides that the notice "shall not be held invalid or insufficient solely by reason of an inaccuracy in stating the time, place or cause of the injury if it is shown that there was no intention to mislead, and that the employer was not in fact misled thereby." On this record plainly the court could not rule as matter of law, even if so requested, that the plaintiff intended to mislead the defendant by the unnecessary particularity of the notice, or that the defendant, which through its superintendent was in possession of all the facts, was in fact misled by it. St. 1909, c. 514, § 132, as amended by St. 1911, c. 178. *Drommie* v. *Hogan,* 153 Mass. 29. *Beauregard* v. *Webb Granite & Construction Co.* 160 Mass. 201.

*Exceptions overruled.*