PATRICK FITZGERALD *vs.* RENTON WHIDDEN & another.

Suffolk.   November 12, 1917. — January 2, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Employer's liability, In building in process of construction.

In an action, brought before the passage of the workmen's compensation act, under R. L. c. 106, § 71, cl. 2, by a laborer against a building contractor by whom he was employed for personal injuries sustained, when by order of the defendant's superintendent he was ascending a ladder between the floors of a building in process of construction carrying some heavy iron plates on his right shoulder, from having his left arm as he raised it to grasp the rung of the ladder strike an old nail that was protruding from the end of a cleat or stay that held the ladder in place and negligently had been left projecting beyond the side of the ladder instead of being cut or bevelled off, so that the plaintiff lost his balance and fell to the ground and was injured, it was admitted that it was the duty of the superintendent to inspect the ladder, which for some weeks had been attached to the structure in lieu of stairs, and to see that it was safe for the workmen to use, and it was *held,* that there was evidence for the jury that the superintendent was negligent in ordering the plaintiff to ascend the ladder with the iron plates without ascertaining the risk to which the plaintiff was exposed from the projecting cleat and nail and giving him warning of the danger in his path.

In the same case it appeared that the protruding nail was on the under side of the cleat, and it was *held* that the presence of the nail was not so obvious nor so likely to be anticipated by a workman of the plaintiff's experience as to relieve the superintendent of his duty, if he allowed it to remain, to warn the workman of its presence.

In the same case there was evidence on which it could be found that the plaintiff when injured was ascending the ladder in the ordinary manner, carrying a number of loose iron plates on his shoulder and unaware of the projecting cleat and nail until his left arm came in contact with them, and it was *held* that the question whether the plaintiff was in the exercise of due care was for the jury.

In the same case it was *pointed out* that as matter of law the plaintiff did not assume the risk of the superintendent's negligence.

TORT for personal injuries sustained by the plaintiff on May 5, 1906, when employed as a laborer by the defendants, who were building contractors, by reason of a dangerous and defective cleat to hold in place a ladder furnished by the defendants which the plaintiff was ordered to ascend in the course of his employment, the declaration containing two counts, the first at common law for negligence in setting the plaintiff at work without warning in

an unsafe and dangerous place and failing to furnish him with safe and suitable tools and appliances, and the second under R. L. c. 106, § 71, cls. 1, 2, alleging defective ways, works and machinery and negligence of a superintendent. Writ dated April 30, 1907.

The answer contained a general denial and an allegation that the danger, if any, from the ladder and its cleats was an obvious one of which the plaintiff voluntarily assumed the risk.

In the Superior Court the case was tried before *Fox,* J. The evidence is described in the opinion. Notice in accordance with the requirements of the employers' liability act was admitted. The report stated that "It was not contended that the ladder in question was defective or that there was any defect in the premises except so far as the corners of the stays being not sawed off and except so far as the nail protruding from the end of the left hand stay could be considered defects."

The judge submitted the case to the jury for the assessment of damages and they returned a verdict for the plaintiff in the sum of $4,872.10, of which by order of the judge the plaintiff remitted all in excess of $2,500, and by agreement of the parties the judge reported the case for determination by this court, with a stipulation that, if the case should have been submitted to the jury, judgment was to be entered for the plaintiff in the sum of $2,500 with costs, and that, if the case should not have been submitted to the jury, judgment was to be entered for the defendants with costs.

*J. J. Donahue,* for the plaintiff.

*L. A. Ford,* for the defendants.

DE COURCY, J. The plaintiff was in the employ of the defendants, who are building contractors. At the time of the accident they were erecting and remodelling adjoining buildings on Head Place in Boston. No stairs had been constructed between the floors. A ladder extended from the ground through an opening in the floor of the second story, three and one half feet by four feet in size. For the purpose of holding the ladder securely in position two cleats or stays were nailed to the second story floor and extended over the edge of the opening at oblique angles, one on each side of the ladder. These stays were four feet five inches long, four or five inches wide, and about an inch thick.

There was evidence on which the jury could find the following additional facts: The ladder had been placed in position some weeks earlier under the direction of the boss stage builder. It was the duty of the foreman, Tiff, to inspect the ladders and stagings and to see that the stage builders did their work properly. Two fellow workmen of the plaintiff had noticed that the cleats or stays projected beyond the uprights of the ladder and were not sawed or bevelled off; and they had so reported to the foreman. While Tiff denied this, he testified that a ladder thus rigged would be dangerous and that in securing a ladder in the usual way the ends of the cleats were cut or bevelled off, so that they would not protrude beyond the edge of the ladder.

The plaintiff, in response to an urgent order of the foreman, was ascending the ladder for the first time and was carrying some iron plates on his right shoulder. These plates were nine or ten inches square and about one inch thick. The bottom edge of the plates rested on his shoulder and the top edge of one of them rested against his head. As he raised his left arm to grasp a rung of the ladder it struck the projecting corner of one of the cleats, and an old nail, which was sticking out of the under side of the cleat where it extended over the opening, tore his arm and caused him to lose his balance and fall to the ground. The nail protruded one quarter of an inch and was "bent down or turned in underneath" and the plaintiff did not notice it until after it had torn his arm.

If the jury believed the testimony most favorable to the plaintiff, they could find that the projecting ends of the cleats and the protruding nail constituted a dangerous obstruction in his pathway; that he was ignorant of this danger and that the restrained position of his head, against which the iron plates rested, prevented him from seeing what was above him. It was admittedly the duty of Tiff, the statutory superintendent, to inspect the ladder, which for some weeks had been attached to the structure in lieu of stairs, and to see that it was safe for the workmen to use. And the jury would be warranted in finding that Tiff was negligent in ordering the plaintiff to ascend the ladder with the plates and to "get them up quick," without ascertaining the risk to which the plaintiff was exposed by the projecting cleat and nail and giving him warning of the danger in his path. *Feeney* v.

*York Manuf. Co.* 189 Mass. 336. *Hourigan* v. *Boston Elevated Railway,* 193 Mass. 495. *Snow* v. *Revere Rubber Co.* 211 Mass. 82. *Whalen* v. *New England Telephone & Telegraph Co.* 228 Mass. 361, and cases cited. The presence of a protruding nail on the under side of the cleat was not so obvious nor so likely to be anticipated by a workman of the plaintiff's experience as to relieve the superintendent of this duty. *Blake* v. *John F. Johnston Co.* 213 Mass. 143, and *Noonan* v. *Foley,* 217 Mass. 566, are not here applicable.

As the plaintiff was entitled to go to the jury on the allegations, in the second count, of negligence on the part of a statutory superintendent, it is unnecessary to consider whether there was also evidence of negligence on the other grounds set forth in his declaration.

The due care of the plaintiff was for the jury. When injured he was ascending the ladder in the ordinary manner, carrying a number of loose iron plates on his shoulder and unaware of the projecting cleat and nail until his arm came in contact with them. And as matter of law he did not assume the risk of the superintendent's negligence. *Keating* v. *Hewatt,* 212 Mass. 577. *McKinnon* v. *Pitman & Brown Co.* 213 Mass. 284. *Hargrave* v. *American Steel & Wire Co.* 219 Mass. 6.

As the case rightly was submitted to the jury, in accordance with the report judgment is to be entered for the plaintiff in the sum of $2,500, with costs, and it is

*So ordered.*