## JOURNAL OF COMMERCE & COMMERCIAL BULLETIN v. BOSTON TRANSCRIPT CO.

(District Court, D. Massachusetts. August 11, 1923.)

No. 1972.

1. **Copyrights ⬅82—Declaration alleging numerous infringements of different issues of paper held within exception to rule requiring copies to accompany petition.**

    Under Copyright Rule No. 2 of Supreme Court, adopted under Act March 4, 1909, § 25 (Comp. St. § 9546), requiring copy of alleged infringement of copyright and of work alleged to be infringed to accompany the petition or its absence to be explained except where it is not feasible, where declaration contained 525 counts alleging infringements in 90 issues of defendant's newspaper of copyrighted matter contained in 196 issues of plaintiff's paper, the case was within the exception.

2. **Action ⬅38(4)—Reproduction in one issue of paper of different passages from one issue of copyrighted work gives but one cause of action.**

    The unlawful reproduction in one issue of defendant's newspaper of several passages from one issue of plaintiff's paper covered by copyright constitutes only one infringement and gives only one cause of action.

3. **Pleading ⬅53(2)—Setting forth one cause of action in different counts held not to render declaration demurrable.**

    Under the Massachusetts practice, declaration in action for infringement of copyright was not demurrable because the same cause of action was set forth in several different counts.

4. **Pleading ⬅11—Declaration setting forth infringed passages as contained in plaintiff's and defendant's publications not objectionable as pleading evidence.**

    In action for infringement of copyright, declaration setting forth pass-

---

ages claimed to have been infringed, as contained in plaintiff's copyrighted paper and as reproduced in defendant's paper, was not objectionable as pleading evidence.

At Law. Action by the Journal of Commerce & Commercial Bulletin against the Boston Transcript Company. On demurrer to the declaration and motion to expunge certain portions thereof. Demurrer and motion overruled.

Storey, Thorndike, Palmer & Dodge and Harold S. Davis, all of Boston, Mass., for plaintiff.

Felix Rackemann, Dunbar & Rackemann, and Oliver Mitchell, all of Boston, Mass., for defendant.

BREWSTER, District Judge. The plaintiff publishes in New York the Journal of Commerce & Commercial Bulletin. The defendant publishes in Boston the Boston Evening Transcript. The plaintiff brings this action on the law side of the court to recover for alleged infringement of copyrighted matter. The declaration contains 525 counts. Each of them contains a passage taken from the Boston Evening Transcript and a passage from the Journal of Commerce & Commercial Bulletin alleged to be infringed, and in each the plaintiff declares for such damages as the court may award under the provisions of section 25 of the Act of March 4, 1909, 35 Stat. 1081 (Comp. Stat. 9546).

To this declaration the defendant demurred and assigned for grounds: (a) That a copy of the alleged infringement of copyright and a copy of the work alleged to be infringed did not accompany the declaration, and their absence was not explained; (b) that one alleged cause of action has been "split" into several counts; and (c) that the declaration does not allege actual damage, and the statutory award of $250 minimum damage, regardless of actual damage, is unconstitutional and void. While not waiving this third ground for demurrer, the arguments and briefs of defendant's counsel are addressed to the first two causes assigned.

Section 25 of the Act of March 4, 1909, provides that rules and regulations for practice and procedure under this section shall be prescribed by the Supreme Court. In accordance with these provisions, the Supreme Court prescribed 13 rules. The first and second rule only are pertinent in this case. Rule No. 1 is to the effect that the existing rules of equity practice, so far as they may be applicable, shall be enforced in proceedings instituted under section 25. Rule No. 2 requires that a copy of the alleged infringement of copyright, if actually made, and a copy of the work alleged to be infringed, shall accompany the "petition" or its absence be explained "except * * * in any case where it is not feasible."

I am inclined to the opinion that both rules contemplate proceedings brought on the equity side leaving parties to proceed under the Conformity Act (R. S. 914; Comp. Stat. 1537) in cases where actions at law are instituted under section 25. When injunction relief is sought, a necessity for exact copies would exist that would not obtain in an action at law. Tully v. Triangle Film Corp. (D. C.) 229 Fed. 297.

[1] But if it should be held that the rule applied, by its express

terms, cases where copies would not be feasible are excepted. A declaration containing 525 counts alleging infringements in 90 issues of defendant's publication infringing matter copyrighted in 196 issues of plaintiff's paper carries this case within the excepted class. Spaulding v. Groton, 68 N. H. 77, 44 Atl. 88.

Again assuming the rule applies, I doubt whether a demurrer would lie for failure to file copies. In my opinion the better practice would be to file a motion to compel plaintiff to file as was done in Lesser v. George Borgfeldt & Co. (C. C.) 188 Fed. 864. If the court found that copies were feasible and their absence not explained, it could order plaintiff to file them and could enforce such an order. I am far from persuaded that the rights of the plaintiff to recover under section 25 are conditioned upon compliance with Rule No. 2.

[2, 3] From an examination of plaintiff's declaration it appears that in many instances two or more counts set forth different passages culled from one issue of defendant's paper which, it is alleged, infringe matter appearing earlier in one issue of plaintiff's publication. To illustrate, counts 6, 7, 8, and 9 each contain a copyrighted passage taken from plaintiff's issue of September 22d and the alleged reproduction of the passage taken from defendant's paper of September 23d. Westermann v. Dispatch Printing Co., 249 U. S. 100, 39 Sup. Ct. 194, 63 L. Ed. 499, is authority for these propositions: (1) That if passages from several copyrighted publications are unlawfully reproduced in a single publication, the publishing of each passage constitutes a separate infringement; and (2) that if a passage from a copyrighted publication is unlawfully reproduced in more than one issue of a defendant's paper, each publication constitutes a separate infringement. But I do not find in that case any support for the proposition that, if distinct passages from one copyrighted work are unlawfully reproduced in one publication, there is more than one infringement.

In the pending case the copyrighted work is each issue of plaintiff's paper referred to in its declaration. In the language of the court in Westermann v. Dispatch Printing Co., supra, "Each copyright is treated as a distinct entity." It is my opinion that the unlawful reproduction in one issue of defendant's paper of several passages from one issue of plaintiff's paper constitutes only one infringement under the statute and consequently only one cause of action. I am ready to assume, therefore, as defendant contends, that on many of the counts the plaintiff would not be entitled to recover. But with equal propriety I may also assume that the court will at the trial fully protect the rights of the defendant and prevent recovery on several counts which state only one cause of action. The plaintiff may, if it sees fit, set forth one cause of action in several different counts. This is good pleading under the Massachusetts practice. Little v. Blunt, 13 Pick. 473; Beauregard v. Webb Granite & Construction Co., 160 Mass. 201, 35 N. E. 555; Farquhar v. Farquhar, 194 Mass. 400, 80 N. E. 654.

[4] The defendant also filed a motion to expunge certain portions of the plaintiff's declaration. It sought to eliminate from the pleadings passages quoted from both the plaintiff's and the defendant's publications. The motion is urged upon the ground that the passages are

not averments of fact but evidential and, therefore, improperly set out in the several counts.

I fail to see wherein the plaintiff's declaration is objectionable in this respect. Obviously, it is necessary to direct attention to such part of defendant's publication as was considered by the plaintiff to be an infringement of copyrighted matter. For example, if the plaintiff had alleged that the defendant in its issue of September 23d had infringed certain matter copyrighted in plaintiff's issue of September 22d, the defendant would have been forced to move for a bill of particulars in order to make answer to the declaration. The plaintiff has made such action unnecessary by reciting such passages as it claims constitute infringement of its copyright. Such recitals cannot possibly be deemed to be evidence, and if the defendant will be prejudiced by the submission of such declaration to the jury the court can, upon motion, withhold it.

The defendant's demurrer and motion to expunge, therefore, are both overruled.