594

## MICHELSON v. SHELL UNION OIL CORPORATION.

### No. 7105.

District Court, D. Massachusetts.
Jan. 25, 1939.

William H. Lewis, Sr., and William H. Lewis, Jr., both of Boston, Mass., for plaintiff.

Neil Leonard and Miles Wambaugh, of Bingham, Dana & Gould, all of Boston, Mass., for defendant.

SWEENEY, District Judge.

There are before me the following motions: the defendant's motion to dismiss, the defendant's motion to strike, the defendant's motion for a bill of particulars, the plaintiff's motion to produce, and the plaintiff's motion to amend his substitute declaration.

The plaintiff's motion to amend his substitute declaration is allowed. The only purpose of that motion, except for one minor addition, is to cure a defect pointed out in the defendant's motion to dismiss.

The plaintiff's declaration joins two counts in tort based upon the Copyright Statute, 17 U.S.C.A. § 25, with a count in contract. In support of its motion to dismiss the defendant urges that since copyright actions are excluded from the new rules a demurrer will lie to the declaration under the Conformity Act, 28 U.S.C.A. § 724, and that the joinder of a count in tort with one in contract is good ground for a demurrer under Massachusetts practice. The weakness in the defendant's contention is that demurrers have been abolished under the new rules, and hence are not applicable, at least to the count in contract. Further than this, the new rules permit the joinder of as many separate claims as the plaintiff may have, regardless of their consistency. Without going so far as to adopt the reasoning or the conclusion in White v.

Reach, 26 F.Supp. 77, decided in the Southern District of New York on January 10, 1939, to the effect that the new rules do apply to suits for infringement of copyright, I, nevertheless, feel that it is within the spirit of the new rules to permit the joinder of the counts of the plaintiff's declaration. The motion to dismiss is therefore denied.

In its motion for a bill of particulars, the defendant asks to have the plaintiff set out in full the exact nature of the plans that were referred to in Counts 1 and 2 of his substitute declaration. The plaintiff has stated in open court, and, in conformance with that statement, is required to state in his bill of particulars that the plan referred to in Counts 1 and 2 is the same plan referred to in Count 3 and annexed to the declaration. The plaintiff is ordered to furnish the particulars called for under 2(a) and (b), 3(a) and (b), 4(a) and (b) as they refer to both Counts 1 and 2 of the plaintiff's declaration. The particulars requested under subdivision (c) are not necessary to the defendant in order to prepare for trial or to file its answer, and need not be given.

The motion for particulars as to Count 3 is denied as this information is not necessary in order for the defendant to prepare for trial or to file its answer. Interrogatories can later seek this information if it is deemed necessary. See American LaFrance-Foamite Corporation v. American Oil Company, D.C., 25 F.Supp. 386.

The motion to strike under Paragraph 1 is denied. The presence of the statement referred to in the declaration is not prejudicial. The motion to strike contained in Paragraph 2 is allowed, except that portion of the motion that encompasses the same words contained in Paragraph 1 of the motion to strike. This count is clearly within the new rules, being a count in contract or quasi contract, and the form of the count does not comply with Rule 8(a) of Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which calls for a short and plain statement of the claim.

The plaintiff's motion to produce is allowed. The defendant has exhibited a willingness to produce the documents called for, but merely states that the allowance of such a motion is premature since the parties are not at issue, and cites

Carpenter v. Winn, 221 U.S. 533, 31 S.Ct. 683, 55 L.Ed. 842, which does not support his contention. If it becomes apparent after the parties are at formal issue that certain of the documents are unnecessary, undoubtedly, counsel can then agree to dispense with them.