**PIZZANO v. KNOWLES & CO., Inc.**
Misc. Civ. No. 6038.

District Court, D. Massachusetts.
Feb. 11, 1941.

Samuel L. Bailen and Joshua J. Vernaglia, both of Boston, Mass., for plaintiff.

National Shawmut Bank of Boston, pro se, alleged trustee.

Daniel A. Lynch and John F. Desmond, both of Boston, Mass., for defendant.

BREWSTER, District Judge.

Plaintiff has brought an action of tort against the defendant, alleging infringement of a copyrighted plaque. Defendant has filed an answer in abatement and a motion to dismiss. The answer in abatement is based on the undisputed fact that the same plaintiff brought an earlier action returnable in this court on the first Tuesday of March, 1939. The writ and declaration were never returned into court. Instead, a new action was started a day after the return day of the writ.

The failure of the plaintiff to enter his first writ and declaration on the return day operated as a complete abandonment of that suit, and there is no danger of the defendant being annoyed by having to respond to it. In these circumstances there would seem to be no adequate grounds for staying or abating this second action.

The motion to dismiss is based on several grounds.

1. That the plaintiff has failed to comply with Equity Rule No. 12, 28 U.S.C.A. following section 723, which formerly governed suits under the copyright statute. This objection to the action must be overruled on the authority of Journal of Commerce & Commercial Bulletin v. Boston Transcript Co., D.C., 292 F. 311, in which this court said that the Equity Rules contemplated proceedings on the equity side, leaving parties to proceed under the Conformity Act, 28 U.S.C.A. §§ 724, 726, 727, in cases where actions at law are instituted. Since the Conformity Law has been superseded by the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it has been held that these rules would control an action at law. Michelson v. Shell Union Oil Corporation, D.C., 26 F.Supp. 594. See, also, White v. Reach, D.C., 26 F.Supp. 77. Moreover, Rule 1 of the rules governing practice in copyright suits was amended as of September 1, 1939, so that thereafter the Federal Rules of

Civil Procedure, so far as applicable, would be followed instead of the Equity Rules. 17 U.S.C.A. following section 25; Kingsway Press, Inc., v. Farrell Pub. Co., D.C., 30 F.Supp. 775. This action was brought subsequent to the adoption of the new Federal Rules of Civil Procedure. The failure to comply with Equity Rule No. 12 would not be fatal to the plaintiff's suit.

2. The defendant also contends that the action should be dismissed because the declaration does not sufficiently contain allegations that the plaintiff has complied with Section 12 of the Copyright Laws, 17 U.S.C.A. § 12. Not only does the plaintiff allege that he has complied with Section 55 of the Act, 17 U.S.C.A. § 55, and all other laws governing copyright, but he also annexes to his declaration a copy of the Certificate of Registration, issued by the Register of Copyright, which carries with it a presumption of regularity.

Defendant's answer in abatement is overruled, and its motion to dismiss is denied.