*Southern District*

## THOMAS M. DALTON
### v.
## CITY OF QUINCY

*Welch, J.* This is an action of contract in which the plaintiff seeks damages because of injury to his property in Quincy during the period from November 25, 1950 to August 28, 1951.

The original declaration contained three counts, in which, in substance, the plaintiff alleged that the defendant failed to maintain properly a drainage system beneath the surface of the plaintiff's land and allowed it to deteriorate and become worn and useless, thereby injuring the plaintiff's property, and also alleging that the drainage system was improperly and carelessly installed, causing the damage.

Upon demurrer, the plaintiff was allowed to amend his declaration by adding a count alleging that the defendant was maintaining a nuisance on the plaintiff's property, causing damage to it.

The answer was a general denial and an allegation of contributory negligence.

A witness for the plaintiff testified as to the damage to the property and an employee of a coal company testified that her firm sold oil burner parts to the plaintiff and made repairs to his oil burner.

There was testimony that the plaintiff bought the property in 1940. The house sat on a concrete foundation with a four foot clearance, with no basement. In 1945-6 a basement was dug, and a half cellar put in. The cellar floor was then seven feet three inches above sea level. Minimum safety in that area required 12 feet. From 1945 down to the date of the writ the cellar was flooded many times by storms. In 1949 an oil burner was installed in the basement twenty-two inches below the cellar floor. In a storm on November 21, 1950 the cellar and the entire surrounding area was flooded to the Boulevard one hundred forty feet away. The waves came over a twenty foot sea wall. Plaintiff's house was four hundred fifty feet from the ocean and mean low water mark. The cellar was water-proofed after that storm.

On June 18, October 18, and November 12, 1951 water came into the plaintiff's cellar, on the first two occasions putting out the furnace and necessitating expense to repair it.

In May 1951, the plaintiff noticed for the first time that water was entering his wall on the *north side*. Upon excavating, he found an eighteen inch pipe of a storm drainage system. There were holes in a four foot length of it, the largest being two inches in diameter. There were eight inches of water in the pipe and four to five inches outside it in the trench.

The judge found that prior to May 1951 any damage done to plaintiff's property by storms and high tides was not distinguishable from possible damage due to the failure of the defendant to maintain the storm drainage system.

The judge found for the plaintiff "in the sum of $50 for damages from 1951 to the date of the writ and not for a permanent injury on the assumption that defendant will not continue a tortious act."

The report states that it contains all the evidence material to the question reported. The evidence is as stated above.

The plaintiff filed a motion for a new trial on three grounds. Two of them related to the adequacy of the damages and were waived at the hearing before this Division.

The third ground was "mistake of law injuriously affecting the substantial rights of the plaintiff."

The plaintiff filed six requests for rulings, four of which related to damages and are now immaterial and the 5th and 6th were as follows:

5. The Court erred in the matter of assessing damages by basing its finding on "an assumption that defendant will not continue a tortious act," for the following reasons:

a. The defendant was not and has not been enjoined or ordered to cease its tortious acts.

b. No evidence was introduced at the trial that could in any way be construed to indicate that the defendant had or would cease its tortious acts.

c. The right to "be made whole" for the past and present injury or damage is a present vested right and the court is required to assess the full measure of damages without regard to any future conduct of the defendant.

6. If the court rules that it erred in permitting an assumption to affect its findings on damages, then the court should assess damages, on the basis that the plaintiff has suffered a permanent injury, because, inferentially, the court found that in the absence of any erroneous assumption, there was a permanent injury.

As to ruling No. 5 the judge said "Finding not based on assumption. A single tortious act was proved. A permanent or continuing injury was not proved from one act only." a.) Denied. No evidence on this point. b.) Granted. c.) Granted.

Number 6 was denied. "I find that the plaintiff suffered no permanent injury. (A condition exists which may or may not give rise to injury at some future date.")

The judge then amended the original findings of fact by adding at the end thereof the words "I find no continuing injury." The motion for new trial was denied.

It is clear that the judge in the original finding and the finding on the motion for a new trial assessed damages for the occasions from May 1951 to the date of the writ, on which water came into the premises from the defective drain.

The plaintiff was entitled to damages only to the date of the writ.

In *Aldworth v. Lynn,* 153 Mass. 53 which was an action for damages sustained by a landowner through the improper erection and maintenance of a dam and reservoir on adjoining land the court at p. 55 said "This action is to recover damages for a use of the defendant's premises which was injurious to the plaintiff's land; or, in other words, for the maintenance of a nuisance. The plaintiff excepted to the ruling that she was entitled to damages only to the date of her writ and contended that the dam and pond were permanent. and that she was entitled to damages for a permanent injury to her property. An erection unlawfully maintained on one's own land, to the detriment of the land of a neighbor, is a continuing nuisance, for the maintenance of which an action may be brought at any time and damages recovered up to the time of bringing the suit. *Prentiss v. Wood,* 132 Mass. 486. *Welk v. New Haven & Northampton Co.,* 151 Mass. 46, and cases there cited."

*Diamond v. North Attleborough,* 219 Mass. 587 was an action of tort wherein the plaintiffs sought to recover damages alleged to have been sustained by reason of the flooding of their land through the negligence of the defendant in causing the overflow of an adjacent brook. At p. 593 the court said this is "simply an action of tort to recover for damages caused by the negligent overflowing of land on one or two occasions and the washing away of some earth. The admission of the evidence (the difference between the value of the plaintiff's land before the opening of the drain into the brook and its value thereafter) afforded the jury basis for a computation of damages founded on the theory that the wrong

done to the plaintiffs was permanent and never would be remedied, and hence that a sum should be awarded sufficient to include all future recurrences of like injuries. Manifestly this was wrong and permitted a recovery of damages in excess of those to which they were entitled. It is not to be assumed, that the defendant will continue its tortious acts. *Aldworth v. Lynn,* 153 Mass. 53. The plaintiffs were entitled only to the damages actually sustained by them up to the date of the writ." See *Ryder v. Lexington,* 303 Mass. 281, 290.

The judge awarded damages for damage done by the defendant from May 1951 to the date of the writ. In this there was no error.

The report is ordered dismissed.