**UNITED STATES ex rel. MURPHY v. MURPHY, Warden.**

**No. 191.**

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1940.

862

Joseph G. M. Browne, of Brooklyn, N. Y., for appellant.

John J. Bennett, Jr., Atty. Gen., of New York, and Henry Epstein, Sol. Gen. (Patrick H. Clune and Bernard L. Alderman, Asst. Attys. Gen., of counsel), for appellee.

Thomas E. Dewey, Dist. Atty., of New York City (Stanley H. Fuld, Asst. Dist. Atty., and Manuel Robbins, Deputy Asst. Dist. Atty., both of New York City, of counsel), amicus curiæ, for Dist. Atty. of New York County.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

PER CURIAM.

The relator was convicted in the state court of the crime of possessing a machine-gun. The statute making this a crime— § 1897, sub. 1-a of the New York Penal Law, Consol.Laws, c. 40—provides, among other things, that "the presence of such machine-gun in any room, dwelling, structure or vehicle shall be presumptive evidence of its illegal possession by all the persons occupying the place where such machine-gun is found". The relator argues that this presumption is so unreasonable as to violate the Fourteenth Amendment, U.S.C.A.Const., and that its use against him upon the trial vitiated his conviction. He appealed to the Appellate Division which affirmed the sentence (People v. Murphy, 250 App.Div. 706, 294 N.Y. S. 498) and then to the Court of Appeals which did the same, one judge dissenting (People v. Murphy, 276 N.Y. 612, 12 N.E. 2d 602). Thereupon he applied to Justice Stone for the allowance of an appeal, which was denied, but with leave to apply to any other justice. He later applied once more to Justice Stone, who then refused because the time for appeal had expired. Thereupon he took out this writ of habeas corpus from the district court, directed to the warden of the prison where he was held, and it too was dismissed. However, in his opinion the judge considered the merits of the relator's argument, and held that it was valid, but dismissed the writ in deference to the previous decisions of the state courts.

The district court had undoubted jurisdiction to entertain the writ, but the situations in which it is proper to exercise it are so rare that the effort almost never succeeds. "Exceptional circumstances of peculiar urgency" alone can justify intervention and a bare constitutional question is alone not enough. This the Supreme Court has declared in many decisions. Ex parte Royall, 117 U.S. 241, 253, 6 S.Ct. 734, 29 L.Ed. 868; In re Wood, Wood v. Brush, 140 U.S. 278, 289, 11 S.Ct. 738, 35 L.Ed. 505; Ex parte Frederich, 149 U.S. 70, 77, 78, 13 S.Ct. 793, 37 L.Ed. 653; People of State of New York v. Eno, 155 U.S. 89, 98, 15 S.Ct. 30, 39 L.Ed. 80; Whitten v. Tomlinson, 160 U.S. 231, 242, 16 S.Ct. 297, 40 L.Ed. 406; Riggins v. United States, 199 U.S. 547, 26 S.Ct. 147, 50 L.Ed. 303; Johnson v. Hoy, 227 U.S. 245, 247, 33 S.Ct. 240, 57 L.Ed. 497; United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 70 L.Ed. 138. For a time the opinions spoke of a challenge to the state court's jurisdiction as though it might serve, but it is doubtful whether that would now be accepted, and in the case at bar no such question arises. We have only the supposed invalidity of a presumption, alleged to have been the basis for some of the rulings made during the trial. Three state courts have passed upon this with all but entire unanimity, and one Justice of the Supreme Court has held that it did not even justify the allowance of an appeal. The relator having refused to avail himself of leave granted to apply to other justices, has forfeited any further remedy. For this reason the order will be affirmed, without considering whether the statute

is constitutional, or whether its constitutionality was necessarily involved in the conviction.

Order affirmed.