THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEONARD SHINSKY (GERSCHINSKY), Relator, v. WILLIAM HUNT, as Warden of Attica Prison, Attica, New York, Respondent.

Supreme Court, Erie County, August 28, 1942.

*Leonard Shinsky*, relator, in person.

*John J. Bennett, Jr., Attorney-General [James A. Noonan, Assistant Attorney-General*, of counsel], for the respondent.

HINKLEY, J. This is a writ of habeas corpus which presents the question of the constitutionality of section 1898-a of the Penal Law. The affirmance of relator's conviction by the Appellate Division, reported in 256 App. Div. 995, and by the Court of Appeals in 281 N. Y. 581, 881, disposes of all questions raised upon this writ.

The Court of Appeals in 1937 had before it section 1898-a of the Penal Law. The court sustained a writ of habeas corpus at that time but expressly stated that it did not pass upon the constitutionality of the section. (*People ex rel. Dixon* v. *Lewis*, 276 N. Y. 613.)

Apparently on the appeal in this case the Court of Appeals did sustain the constitutionality of this section. Lower courts are constantly seeking guidance from appellate courts and desire anxiously to follow their lead. It is unfortunate, therefore, that affirmances of judgments are almost entirely given without opinion. In the increasing volume of decisions it is often only by chance that a determination upon such an important contention as the constitutionality of a statute can be discovered by even the most earnest student.

Had it not been for this writ lower courts might very well continue to rule the statute unconstitutional.

However, the question was clearly raised in the Court of Appeals at least by the appellant's brief in that court under point I, page 5, referring to the judge's charge. The unanimous decision of the Court of Appeals, even though without written opinion, is controlling precedent as to the constitutionality of section 1898-a of the Penal Law. Consistently, in *People* v. *Murphy* (276 N. Y. 612), actual physical possession is no longer necessary, and another exception has been added to the ancient rule that a person is presumed to be innocent.

Writ dismissed and prisoner remanded.