## UNITED STATES ex rel. ROGALSKI v. JACKSON, Warden.

### Misc. No. 4503.

District Court, N. D. New York.

May 20, 1944.

Order Affirmed Nov. 20, 1944.
See 146 F.2d 251.

There were no appearances in this matter other than by Stephen Rogalski, who simply filed the petition to this Court.

BRENNAN, District Judge.

There is presented by mail to this Court the written petition of Stephen Rogalski which prays that a writ of habeas corpus issue, directed to the Warden of Clinton Prison at Dannemora, New York, requiring that he show cause why the petitioner should not be discharged from imprisonment therein.

In view of the disposition to be made of this application a brief statement of the facts disclosed in the petition is made below.

On July 2, 1938, the relator, Stephen Rogalski, together with two companions, Shinsky (Gerschinsky) and Todaro, were passengers in an automobile driven by one Klein in which were found two loaded revolvers. In October, 1938, they were each convicted in County Court of Kings County of the crime of carrying a dangerous weapon, in violation of Section 1897, Subdivision 4 of the Penal Law of the State of New York, Consol.Laws, c. 40.

Section 1898-a of the Penal Law of the State of New York provides in substance that the presence in an automobile of any pistol, shall be presumptive evidence of its illegal possession by all persons found in said automobile at the time said weapon is found. The petitioner alleges that his conviction and subsequent confinement were predicated solely upon the presumption above referred to, and his application is based solely upon the ground that Section 1898-a of the Penal Law of the State of New York is unconstitutional, and that its application by the trial court constituted a denial of due process of law in contravention of the Fourteenth Amendment of the Constitution of the United States.

The conviction of petitioner was affirmed in the Appellate Division of the Supreme Court in March, 1939 (People v. Shinsky, 256 App.Div. 995, 11 N.Y.S.2d 365), and affirmed by the Court of Appeals on June 19, 1939 (People v. Gerschinsky, 281 N.Y. 581, 22 N.E.2d 160). Motion for re-argument by Shinsky was denied December 15, 1939 (281 N.Y. 881, 24 N.E.2d 507).

A writ of habeas corpus obtained by the petitioner, by means of which he attempted to challenge the constitutionality of Section 1898-a of the Penal Law of the State of New York, was dismissed by the Supreme Court of Clinton County on June 12, 1942. An appeal was taken from such dismissal to the Appellate Division, and the order of the trial court was affirmed in November, 1942 (People ex rel. Rogalski v. Martin, 265 App.Div. 903, 38 N.Y.S.2d 8). The order of the Appellate Division was affirmed by the Court of Appeals on April 22, 1943 (290 N.Y. 751, 50 N.E.2d 98).

Application was then made by the petitioner to the United States Supreme Court for a writ of certiorari, which was denied on October 11, 1943 (320 U.S. 767, 64 S.Ct. 53), upon the ground that it did not appear that the New York State Court of Appeals passed upon the constitutionality of Section 1898-a of the Penal Law of the State of New York. An extension of time to December 4, 1943, within which to petition for a re-hearing before the United States Supreme Court was granted by Justice Jackson, and in the meantime the petitioner by informal motion requested the New York State Court of Appeals to amend the remittitur which request was denied on November 24, 1943, on the ground " * * * that the only question of constitutional law considered and determined by that Court was whether the refusal to permit the applicant to challenge by habeas corpus the validity of his conviction was a denial of due process * * *." The petition for re-hearing was thereafter denied on December 6, 1943, by the United States Supreme Court (320 U.S. 814, 64 S. Ct. 258).

The petitioner's fellow passenger in the automobile, Shinsky, presented the question of the constitutionality of Section 1898-a of the Penal Law of the State of New York to the Supreme Court of the State of New York in August, 1942. The writ was dismissed (People ex rel. Shinsky v. Hunt, 178 Misc. 960, 36 N.Y.S.2d 801) upon the ground that the Court of Appeals of the State of New York had held the section to be constitutional in its decisions upon appeal from the judgment of conviction above referred to (281 N.Y. 581, 22 N.E.2d 160, and 281 N.Y. 881, 24 N.E.2d 507).

The petitioner claims that the disposal of the writ of habeas corpus by the New York State Courts without a written opinion as to the constitutionality of that section of the Penal Law challenged by the writ left him without a corrective judicial remedy, and creates the "exceptional circumstance of peculiar urgency" which requires action by this Court.

■ The primary duty of this Court is to determine whether or not the facts alleged by the petitioner, if proved, would warrant the discharge of the prisoner. Ex parte Quirin, 317 U.S. 1, at page 24, 63 S. Ct. 2, 87 L.Ed. 3; Walker v. Johnson, 312 U.S. 275, at page 284, 61 S.Ct. 574, 85 L. Ed. 830; Slaugher v. Wright, 4 Cir., 135 F.2d 613.

■ The determination must be made with an appreciation of the fact that the power of this Court to issue the writ is not unqualified; that state courts also have the obligation to give an accused the bene-

fit of all constitutional rights, and that the administration of criminal justice by the state courts should not be interfered with, except in rare instances. These principles are well recognized, and referred to in many cases, in which are found the frequent citation of United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 46 S.Ct. 1, 70 L. Ed. 138.

■ There is no claim of lack of jurisdiction in the trial court of either the crime charged or of the person of the petitioner, and the courts have many times held that the presence in the trial court of jurisdiction of the person and of the offense satisfy the constitutional requirement of due process of law. Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969.

There remains to be considered whether or not there is disclosed in the petition "exceptional circumstances of peculiar urgency," and the inability or unwillingness of the state courts to act which would justify the issuance of the writ in this case.

■ Exceptional circumstances or peculiar urgency do not appear in the petition. The creation of presumptions which are applicable in penal statutes are not unusual, and the test of their validity is that there must be a rational connection between the facts proved and the fact presumed. Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519.

The application in this case is very similar to the facts disclosed in United States ex rel. Murphy v. Murphy, 2 Cir., 108 F.2d 861. The same type of presumption of which the petitioner complains was involved in that case, and the petitioner failed to avail himself of permission granted to apply for the allowance of an appeal.

■ In this case the petitioner made no attempt to exhaust his right of appeal to the United States Supreme Court from the judgment of conviction, which is ordinarily required before a federal court will entertain his application. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448.

The petition does not show that the state courts have either failed or are unable to act. As a matter of fact, there is a related reported case holding that the constitutionality of the section sought to be attacked was passed upon in this petitioner's appeal from his conviction. People ex rel. Shinsky v. Hunt, 178 Misc. 960, 36 N.Y.S.2d 801.

■■ A judgment attacked collaterally by a writ of habeas corpus is presumed valid, and even if the contention of the petitioner was not considered by the appellate courts of the state, then they must have found that the evidence was sufficient to sustain the conviction even without the presumption referred to in the statute. The writ of habeas corpus can not then be used to review the proceedings in the state court. Sanderlin v. Smyth, 4 Cir., 138 F. 2d 729 and cases cited therein.

■ The conclusion is reached that the state courts have acted in the matter referred to in the petition, and the writ may not be issued upon either failure or inability on the part of the state courts.

In view of the foregoing, the conclusion is reached that the petition is insufficient in law. The application for writ of habeas corpus is denied.