### UNITED STATES ex rel. ROGALSKI v. JACKSON.

### No. 94.

Circuit Court of Appeals, Second Circuit.

Nov. 20, 1944.

Clyde Dart, of New York City, for appellant Stephen Rogalski.

Nathaniel L. Goldstein, Atty. Gen., of New York (Orrin G. Judd, Sol. Gen., of New York City, Wendell P. Brown, First Asst. Atty. Gen., and Edward L. Ryan, Asst. Atty. Gen., of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On October 21, 1938, the appellant Rogalski and two others were each convicted in the County Court of Kings County, New York, under an indictment charging them with possession of dangerous weapons in violation of Section 1897 (4) of the Penal Law of the State of New York, Consol. Laws N.Y. c. 40. They were passengers in an automobile driven by one Klein in which were found two loaded revolvers. Section 1898-a of the Penal Law provides that the presence in an automobile of any pistol "shall be presumptive evidence of its illegal possession by all the persons found in such automobile at the time such weapon * * * is found."

The conviction of Rogalski was affirmed by the New York Appellate Division in March 1939 (People v. Rogalski, 256 App. Div. 995, 11 N.Y.S.2d 365) and in the Court of Appeals on June 19, 1939 (281 N.Y. 581, 22 N.E.2d 160). From an examination of the record and briefs on these appeals it appears that the constitutionality of Section 1898-a of the Penal Code was raised by Rogalski. No appeal to the Supreme Court of the United States was taken from the judgment of affirmance by the New York Court of Appeals, nor was any petition made to the Supreme Court for a writ of certiorari to review that judgment.

Thereafter Rogalski applied to the Supreme Court of the United States for leave to file a petition for a writ of habeas corpus. His application was denied January 5, 1942 (Ex parte Rogalski, 314 U.S. 587, 62 S.Ct. 476, 86 L.Ed. 474), whereupon he applied to the New York Supreme Court (Clinton County) for a writ of habeas corpus which, on June 12, 1942, ordered the writ dismissed. This order was affirmed by the Appellate Division in November, 1942 (People ex rel. Rogalski v. Martin, 265 App.Div. 903, 38 N.Y.S.2d 8), and was affirmed by the Court of Appeals on April 22, 1943 (290 N.Y. 751, 50 N.E.2d 98). He then applied to the Supreme Court of the United States for a writ of certiorari to review this last order. On October 11, 1943, his petition was denied by that court (320 U.S. 767, 64 S.Ct. 53), because it did not appear from the record that the State Court of Appeals had necessarily passed upon the constitutionality of Section 1898-a. He then moved before the Court of Appeals to amend the remittitur but his motion was denied on the ground that the only question of constitutional law considered by that court upon affirmance of the order dismissing the writ of habeas corpus was whether the refusal to permit him to challenge the validity of his conviction by habeas corpus was not a denial of due process. After this decision by the Court of Appeals the Supreme Court of the United States, on December 6, 1943, denied a rehearing of the petition for a writ of certiorari.

After these numerous unsuccessful attempts to have his conviction set aside, Rogalski began the present proceeding to obtain a writ of habeas corpus from the United States District Court for the Northern District of New York. His petition alleged that his conviction was predicated solely on his presence in the automobile in which the two revolvers were found and the presumption contained in Section 1898-a, supra, that he was thereby guilty of illegal possession thereof. He contended that Sec-

tion 1898-a was an unconstitutional provision in that it compelled him to rebut the presumption of innocence afforded to every accused person and that his conviction was therefore unlawful. Judge Brennan denied the application for the writ on the ground that the relator had not exhausted his right to appeal to the Supreme Court of the United States from the judgment of conviction. D.C., 58 F.Supp. 218. The per curiam opinion of the Supreme Court in Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 450, was cited in which it was stated that: "Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted."

■ From Judge Brennan's order denying the writ Rogalski has appealed. We think the order was right and should be affirmed.

In United States ex rel. Murphy v. Murphy, Warden, 108 F.2d 861, 862, we dealt with a problem like the one here. There a defendant had been convicted under a similar statute and had neglected to exhaust his remedy of applying to Justices of the Supreme Court to allow an appeal from the affirmance of his sentence of conviction in the Appellate Division and the Court of Appeals. We held that his refusal to avail himself of this right "forfeited any further remedy". In the case at bar the appellant has stated in his brief that the New York Attorney General contended in the habeas corpus proceedings in the State Court that the constitutionality of Section 1898-a was res judicata because of the affirmance of the appellant's conviction in all courts. In his brief on the present appeal the New York Attorney General states, without contradiction, that "at the time of the criminal case and on the appeals to the Appellate Division of the Supreme Court of New York and to the Court of Appeals of New York from the judgment of conviction, appellant raised and argued the question of constitutionality of Section 1898-a of the Penal Law of New York." We have verified the accuracy of the foregoing statements as to the issues raised on the appeals from the judgment of conviction by an examination of the record on appeal to the Court of Appeals reported in 281 N.Y. 581, 22 N.E.2d 160, and we have no doubt that the appellant both had the opportunity to raise the question as to whether Section 1898-a of the Penal Law is constitutional and that he actually did raise it in the State Courts and that he neglected to carry his appeal further. Irrespective of the data we have mentioned, from which it is apparent that the appellant had a full opportunity to raise the question of the constitutionality of the presumption created under the statute by the presence of the revolvers in the automobile, it cannot be supposed that the Court of Appeals would have held that it was "due process" to decline to review the judgment of conviction upon habeas corpus (People ex rel. Rogalski v. Martin, 291 N.Y. 729, 52 N.E.2d 604), or that the Supreme Court would have denied a writ of certiorari to review the state habeas corpus proceedings if there had not been an opportunity to raise the constitutional question by direct appeal from the judgment of conviction.

■ The decision in Tot v. United States, 319 U.S. 463, 464, 63 S.Ct. 1241, 87 L.Ed. 1519, is in no way adverse to the result we have reached. There Congress had enacted a statute providing that a prior conviction of a defendant of a crime of violence and his present possession of firearms or ammunition create a presumption that the articles were received by him in interstate commerce. The Supreme Court held that such a presumption contravened the Fifth Amendment of the Constitution because no reasonable relation existed between the possession of the firearms or ammunition and the inference that they had been received in interstate commerce. Aside from the fact that in Tot v. United States no basis for the presumption was shown and that a rational basis may exist to support the statutory presumption that an occupant of an automobile, who has obtained no license to carry firearms, may, in the absence of evidence to the contrary, be regarded as in possession of a revolver found therein, there was the further distinguishing factor in Tot v. United States that the legality of the conviction in a United States Court was being reviewed on direct appeal and not, as here, by habeas corpus after conviction in a State Court. Only under exceptional circumstances of peculiar urgency will a defendant be allowed to avail himself of habeas corpus as a substitute for an appeal, and no such circumstances are here shown. The court in which the defendant was convicted had ju-

risdiction of the person and the subject-matter. At worst he suffered no more than an incorrect charge as to the burden of proof. If the charge was erroneous, as the State Court of Appeals held it was not, the error might have been corrected by an appeal to the Supreme Court which the appellant neglected to take. The mere existence of a constitutional question as to the correctness of the decision by a State Court is not enough to justify a review by habeas corpus. United States ex rel. v. Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 70 L.Ed. 138; Glasgow v. Moyer, 225 U.S. 420, 429, 32 S.Ct. 753, 56 L.Ed. 1147; United States ex rel. Murphy v. Murphy, Warden, 2 Cir., 108 F.2d 861, 862.

Order affirmed.