## UNITED STATES ex rel. KNUPFER v. WATKINS.

### No. 158, Docket 20450.

Circuit Court of Appeals, Second Circuit.

Feb. 3, 1947.

George C. Dix and David S. Kumble, both of New York City, for relator-appellant.

John F. X. McGohey, U. S. Atty., of New York City (Stanley H. Lowell, Asst. U. S. Atty., of New York City, of counsel), for respondent-appellee.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

· AUGUSTUS N. HAND, Circuit Judge.

The relator Knupfer, a native born German who became a citizen of the United States through naturalization on November 25, 1930, was thereafter convicted in the United States District Court for the Southern District of New York of engaging in a conspiracy to violate the Selective Service Act, 50 U.S.C.A.Appendix, § 301 et seq. While he was imprisoned under that conviction, an action was brought against him by complaint on behalf of the United States filed on February 3, 1945, in the Eastern District of New York, which sought to denaturalize him. On June 1, 1943, he filed an answer denying the allegations of the complaint and praying that it be dismissed. On August 16, 1943, he sent letters to the United States Attorney and the Clerk of the Eastern District saying: "I hereby withdraw my answer although not guilty of the charges. * * * I now demand that you cancell my citizenship rights on the grounds that this administration has unconstitutionally denied my rights, persecuted, defamed and illegally incarcerated me. * * * I do not care to contest the accusations because where there is no honor there can be no justice * * *" Thereafter, on September 14, 1943, a decree was entered by the court in the Eastern District cancelling Knupfer's letters of citizenship. This decree was entered on his default without any notice of motion by the United States Attorney.

On June 11, 1945, the conviction of conspiracy to violate the Selective Service Act was reversed by the Supreme Court. Keegan v. United States, 325 U.S. 478, 65 S.Ct. 1203, 89 L.Ed. 1745. On July 21, 1945, Knupfer moved in the Eastern District for an order to vacate the order of denaturalization. On August 10, 1945 that application was denied after a hearing before Judge Inch. On September 10, 1945, Knupfer filed a motion in the Eastern District in the nature of a bill of review to vacate the default decree under Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, on the ground that he could not obtain counsel for his.defense and, in view of the prevailing war hysteria, was unable successfully to defend the action to procure his denaturalization. These grounds were largely those set forth in the application of July 21, 1945, which had been denied on August 10, 1945. On October 26, 1945, the United States noticed a motion to dismiss the bill of review which on November 29, 1945, was granted by Judge Inch. On September 12, 1945, Knupfer made a motion in the Eastern District to vacate the default decree which was denied by Judge Inch on October 29, 1945. He never took an appeal from the order of November 29, 1945, dismissing his bill of review but did appeal from the orders of August 10, 1945, and October 29, 1945, denying his motions to vacate the default decree and to reopen and vacate the default proceeding. He formally abandoned this appeal on June 27, 1946, under a stipulation with the United States that it should be without prejudice to the rights of either party and an order to that effect was entered in the Circuit Court of Appeals on June 28, 1946.

On July 12, 1945 and immediately after the decision of the Supreme Court reversing Knupfer's judgment of conviction, he was arrested, taken to Ellis Island and brought before a Hearing Board which determined that he should be removed and repatriated to the country of his nationality as soon as arrangements for his transportation could be made. Thereafter he applied to the District Court for the Southern District of New York for a writ of habeas corpus. His petition alleged that the decree of denaturalization entered against him was illegal and void and that he was not an enemy resident within the jurisdiction of the Southern or Eastern District of New York but was a citizen of the United States unlawfully detained. It also alleged that there was then pending an action in the nature of a bill of review to set aside his default decree. Judge Knox allowed the writ of habeas corpus on September 13, 1945, and after a hearing rendered the following decision:

"Whatever be the merits of the contentions that are here advanced by the relator with respect to the decree of denaturalization which was entered against him in the Eastern District of New York, it is obvious, I think, that I can do nothing for him.

"The fact is that relator, at this moment, is seeking appellate relief from the effect of an order made in the Federal Court for the Eastern District on October 29, 1945, and which denied a motion to open his default in the denaturalization proceedings.

"That motion, as I understand it, raised many, if not all, the questions on which I am here asked to rule. It appears, indeed, that the time within which Knupfer may file his record on appeal, together with his brief, in his application to the Circuit Court of Appeals, has been extended to June 11, 1946. Were I, under the circumstances, to assume to determine the matters involved in the pending habeas corpus proceedings, I would, in effect, frustrate the appellate jurisdiction under which relator seeks an authoritative decision upon the propriety of the ruling that went against him in the Eastern District.

"Relator's writ will be dismissed." On June 12, 1946, Judge Knox made an order dismissing the writ and ordered the relator remanded to the custody of the District Director, Immigration and Naturalization Service, Ellis Island. From that order the present appeal was taken.

 It is argued on behalf of the appellant that the judgment of denaturalization entered September 14, 1943, was void because the United States failed to comply with Rule 55(b) (2) of the Federal Rules of Civil Procedure which provides that a written notice of an application for judgment shall be served upon a defendant who has appeared and against whom a judgment by default is sought. It would seem extreme to apply this rule in favor of a defendant who has withdrawn his answer and asked to have his letters of naturalization cancelled. But even if we assume that he should be treated as one who had done nothing but enter an appearance, the default judgment was not entered without jurisdiction of the defendant and the subject-matter, but only through a procedural error in disregarding the rule. If, because of this error, the court should have granted the motions to vacate the order of denaturalization the remedy was by appeal from one or all of Judge Inch's orders denying the various applications. Instead of pursuing that remedy, after appealing from two of the orders, Knupfer relied on an appeal from dismissal of his writ of habeas corpus and abandoned his appeals from the orders of Judge Inch though those appeals were still pending after Judge Knox had dismissed the writ. As the latter held, there was no justification for seeking a writ of habeas corpus while the appeals were pending. Moreover, there was no ground for resorting to habeas corpus in another district when Knupfer had not exhausted his remedy in the court which had made the original decree of denaturalization. In addition to this, he had deliberately sought to have his naturalization cancelled two years before and now—when Germany has been defeated and residence there is burdensome and disadvantageous—seeks to reverse his previous action and thus avoid deportation.

The Eastern District Court had jurisdiction of the suit to denaturalize and any remedies he had should have there been exhausted. No such exceptional situation is shown as justifies resort to habeas corpus as a substitute for an appeal. Craig v. Hecht, 263 U.S. 255, 277, 44 S.Ct. 103, 68 L.Ed. 293; Eagles v. United States ex rel. Samuels, 329 U.S. 304, 67 S.Ct. 313; United States ex rel. Rogalski v. Jackson, 2 Cir., 146 F.2d 251. All the claims Knupfer is now making of lack of counsel when he withdrew his answer, public prejudice against persons of German nationality and disregard of Rule 55(b) (2) could have been and apparently were made before Judge Inch and should have been supported by appeals from his orders.

The order dismissing the writ of habeas corpus is affirmed.