{UNITED STATES v. BORCHERS.

SAME v. FENTZKE.

SAME v. KNUPFER.

Nos. 282–284, Dockets 20648–20650.

Circuit Court of Appeals, Second Circuit.
July 28, 1947.

Writ of Certiorari Denied Oct. 27, 1947.

See 68 S.Ct. 108.

George C. Dix, of New York City (David S. Kumble, of New York City, of counsel), for defendants-appellants.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Mario Pittoni, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for plaintiff-appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The present appeals mark the fourth time that defendants Borchers and Fentzke, and the fifth time that Knupfer have attempted to challenge judgments of denaturalization entered against them by default in 1943. All three defendants were native-born Germans, became citizens of this country by naturalization in 1930, and were tried and convicted in 1942 in the United States District Court for the Southern District of New York of engaging in a conspiracy to violate the Selective Training & Service Act, 50 U.S.C.A.Appendix, § 301 et seq. In 1943, while imprisoned under that conviction, they were individually served with summons and complaints by the United States in order to denaturalize them. Knupfer, as we have related in a previous decision—United States ex rel. Knupfer v. Watkins, 2 Cir., 159 F.2d 675—filed an answer, but before trial, withdrew his answer and "demanded" cancellation of his citizenship. Borchers and Fentzke filed no formal answers, but wrote letters to the United States Attorney declaring that they thereby renounced their citizenship, but denying the allegations of the complaint. Thereafter, on June 17, 1943, decrees of denaturalization were entered against Borchers and Fentzke; and on September 14, 1943, a similar decree was entered against Knupfer. No notice of application for judgment was given by the United States Attorney to any of the defendants.

On June 11, 1945, the conviction of conspiracy to violate the Selective Service Act was reversed by the Supreme Court. Keegan v. United States, 325 U.S. 478, 65 S.Ct. 1203, 89 L.Ed. 1745. All of the defendants in the present case joined in three separate attempts by motions in the Eastern District, in July and September, 1945, to challenge the default decrees. These motions included a bill of review under Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. All three sets of motions were unsuccessful, as we have indicated in our decision in 2 Cir., 159 F.2d 675; appeals were filed from two of the orders that had been entered denying their motions. While the latter appeals were pending, Knupfer petitioned the District Court for the Southern District of New York for a writ of habeas corpus, but this writ was dismissed by Judge Knox on June 12, 1946, because of the appeals pending in the Circuit Court of Appeals from the orders. Those appeals were thereupon abandoned by stipulation of the parties and by order of the Eastern District Court dated June 27, 1946. In our decision reported at 2 Cir., 159 F.2d 675, on an appeal by Knupfer we affirmed the dismissal of his writ of habeas corpus, not merely because the appeals had been pending at the time of Judge Knox's order, but also because, as we held, there was no merit in various objections raised by Knupfer to the decree of denaturalization.

On March 14, 1947, all three of the defendants made new motions to vacate the denaturalization decrees, and these motions were denied by orders of Judge Abruzzo, dated May 5, 1947. It is from these orders that defendants now appeal. On this appeal, as on their other abortive appeals, defendants argue that the respective denaturalization decrees entered against them in 1943 were void because the United States failed to comply with Rule 55(b) (2) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723(c), which provides that a written notice of an application for judgment shall be served upon a defendant who has appeared and against whom a judgment by default is sought. As we have stated above, only Knupfer made a formal appearance, and he withdrew his answer and asked to have his letters of denaturalization cancelled. But if we assume, as we did in the case of Knupfer, 2 Cir., 159 F.2d 675, 677, that these defendants should be treated as having entered an appearance, the default-decrees were entered after acquiring personal jurisdiction of each of the defendants as well as of the subject-matter, and at worst only through a procedural error in disregarding Rule 55(b) (2). Such an error of omission, if there was one, cannot be considered to have affected the substantial rights of the parties in view of their written statements that they did not intend to contest the denaturalization proceedings and, in the absence of evidence, must be disregarded under Rule 61, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The appellants in support of their motions to vacate the denaturalization decrees also contend that those decrees were based on false and fraudulent evidence in the way of certain forged letters in 1934 which purported to link the German-American Bund with the German Nazi Party. They argue that, although the government used photostats of the 1934 letters in the denaturalization cases based on Bund membership, it acquired permission of the trial court to do this on the false representation that it was in possession of the originals. This charge is supported only by the affidavit of appellants' counsel, George Dix, dated March 12, 1947. The affidavit does not state what these letters contained or in what manner they were used to obtain the default decrees, nor is it shown that they were of any weight in persuading the court to vacate letters of naturalization, nor is it indicated how Mr. Dix knew them to be forged, erroneous, or otherwise incompetent. Moreover, as we understand the language of Rule 55(b) (2), it does not appear that testimony had to be presented to obtain a judgment by default. The opinion of the Supreme Court in Baumgartner v. United States, 322 U.S. 655, 64 S.Ct. 1240, 1243, 88 L.Ed. 1525, holding that "proof to bring about a loss of citizenship must be clear and unequivocal" was not uttered in relation to default judgments. As to such judgments the default of defendants who have

been personally served may well take the place of the "clear and unequivocal" evidence required had the case gone to trial. Appellants first raised this point before Judge Inch in the motions they made in the year 1945, but abandoned their appeal from his adverse decision. Accordingly, it was not error for Judge Abruzzo to decline to consider the point again if there was merit in their contention. See our opinion in United States v. Kunz, 2 Cir., 163 F.2d 344, filed simultaneously with the present one. See also Sunal v. Large and Alexander v. Kulick, 67 S.Ct. 1588.

We hold that the orders of Judge Abruzzo should be affirmed because: (1) Motions to open and vacate do not lie as a substitute for a deliberately abandoned appeal, (2) the appellants in effect consented to the entry of the decrees against them, (3) the error they relied on of neglect to give them a three-days notice of application for judgment was at most only procedural and not jurisdictional, and is not shown to have been prejudicial to their rights, (4) if the proceedings be treated as in the nature of bills of review they are defective in failing to show any excuse for delay and to furnish any facts to support charges of fraud.

Orders affirmed.