**UNITED STATES ex rel. AIGNER et al. v. SHAUGHNESSY.**

No. 273, Docket 21361.

United States Court of Appeals Second Circuit.

Argued May 13, 1949.

Decided June 16, 1949.

George C. Dix and David S. Kumble, New York City, for relators-appellants.

John F. X. McGohey, United States Attorney for the Southern District of New York, New York City (Harold J. Raby, Assistant U. S. Attorney, New York City, of counsel), for respondent.

Before CHASE, CLARK and DOBIE, Circuit Judges.

CHASE, Circuit Judge.

This appeal is by five native Germans who were naturalized citizens of the Unit-

---

ed States but were denaturalized, thereafter interned in this country as enemy aliens, and later ordered removed to Germany pursuant to the provisions of 50 U.S.C.A. § 21, and the Proclamation of the President, No. 2655, 59 Stat. Part 2, 870. It is from an order dismissing a writ of habeas corpus which was issued, after the order for removal was entered, in behalf of twenty-four relators and others who were added by consent. Twenty-three appealed from the order dismissing the writ but, for various reasons not now material, none of them except Borchers, Fentzke, Kunz, Knupfer and Sprauer have pressed this appeal.

The nub of their contentions is that the decrees of denaturalization are invalid and that they, being, despite the decrees, still entitled to the privileges of American citizenship, are not subject to removal as enemy aliens. The decrees depriving Borchers, Fentzke and Sprauer of citizenship were each entered by default; in the first two cases in the District Court for the Eastern District of New York, on June 17, 1943, on September 14, 1943, respectively, and, in Sprauer's case by consent in a District Court in New Jersey in January 1943. The Kunz decree was entered after hearing in the District Court for the Southern District of New York in accordance with the opinion of March 18, 1943, United States v. Kuhn et al., D.C., 49 F.Supp. 407, and while this appeal has been pending his application for relief from it under Rule 60(b), F.R.C.P., 28 U.S.C.A., has been denied in that court.

All but Kunz now urge that the decision in Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, modified, 336 U.S. 942, 69 S.Ct. 877, requires the reversal of the order and all rely on Baumgartner v. United States, 322 U.S. 665, 64 S.Ct. 1240, 88 L. Ed. 1525, though its application to the default decrees seems to rest merely upon the hypothesis that if hearings had been held no cause for denaturalization could have been shown. It is interesting to note that some of these appellants are continuing their hitherto unsuccessful struggle to resist removal and that some of the questions they now raise have already been decided adversely to them. See United States v. Kunz, 2 Cir., 163 F.2d 344, and United States v. Borchers et al., 2 Cir., 163 F.2d 347.

■■ The dismissal of the writ below was on the ground that the decrees of denaturalization could not be collaterally attacked in these proceedings since the courts which entered them had jurisdiction and there were no special circumstances to justify the use of a writ of habeas corpus as a substitute for appeals not taken. We agree and accordingly find it useless to attempt to deal with the asserted infirmities in the denaturalization decrees. Though all the appellants request that they now be given the benefit of the provisions of Rule 60(b), F.R.C.P. it is obvious that they cannot be given it in this proceeding and we leave undecided whether a petition for a writ of habeas corpus can ever be amended into an application for relief under Rule 60(b) when it is filed in the same court which entered the judgment attacked. Borchers, Fentzke and Sprauer were denaturalized in courts other than the Southern District of New York and Kunz has already applied to that court for such relief and his remedy is by appeal from the order denying it.

The appellants contend that their right to attack the denaturalization decrees in this case is shown by United States ex rel. Stabler v. Watkins, 2 Cir., 168 F.2d 883 but in so doing they fail to take account of the distinguishing circumstances that in the Stabler case the court lacked jurisdiction of the defendant. Where, as here, the denaturalization courts did have jurisdiction and no special circumstances justify the substitution of habeas corpus proceedings for appeals from their decrees, the decrees are immune from attack in these proceedings. United States ex rel Knupfer v. Watkins, 2 Cir., 159 F.2d 675.

■ In so far as unlawfulness of the detention depends upon the invalidity of the denaturalization decrees which for present purposes must be deemed valid, we find no error in the order dismissing the writ. In so far as any black-listing is claimed to have deprived the appellants of their right to depart voluntarily see United States ex rel. Dorfler v. Watkins, 2 Cir., 171 F.2d 431.

Affirmed.