Maria **GRACIETTE**, Plaintiff,

v.

STAR **GUIDANCE, INC.,** and Carlson Wade, Defendants.

No. M–18–302 (Judgment #74,677).

United States District Court, S. D. New York.

Feb. 14, 1975.

Wachtell, Lipton, Rosen & Katz, New York City, Donald Barnett, Los Angeles, Cal., of counsel, for plaintiff.

Engel & Miller, New York City, Arthur J. Jacobs, New York City, of counsel for defendant Carlson Wade.

## OPINION

TYLER, District Judge.

Plaintiff brought an action against defendant Carlson Wade in 1971 in the United States District Court for the Central District of California, Los Angeles Division, on the grounds of copyright infringement, unfair competition, conversion, and quantum meruit. Although served with process in mid-1972, Wade did not appear in the California action, and plaintiff secured a default judgment against him in or about March, 1973. In November, 1974, plaintiff registered that judgment with the Clerk of this court and caused a writ of execution to issue thereon. In response, Wade moved, pursuant to Rule 60(b)(4), F.R.Civ.P., for an order vacating the California judgment as void and setting aside any proceedings or actions taken under said judgment. Two issues are thus presented for resolution: has this court power to grant a Rule 60(b)(4) motion for relief from a default judg-

ment registered in this district, and if so, did the District Court in California have in personam jurisdiction of Wade?

*I. Jurisdiction to Grant Rule 60(b) Motion*

■■■ As a void judgment is a legal nullity, it may be challenged not only directly but also by collateral attack in a proceeding in any court where that judgment's validity comes in issue.[1] Where a default judgment was attacked as void for lack of jurisdiction, the Court of Appeals for this circuit has permitted it to be challenged through a separate habeas corpus proceeding, United States ex rel. Stabler v. Watkins, 2 Cir., 168 F.2d 883 (1948), though one year later a similar collateral attack was held impermissible where the original court had jurisdiction, United States ex rel. Aigner et al. v. Shaughnessy, 2 Cir., 175 F.2d 211 (1949). The occasion of filing an Ohio judgment by confession on cognovit notes with the United States District Court for the Western District of New York was held to give that court personal jurisdiction of the judgment creditor to entertain an independent action to challenge the Ohio judgment on the grounds of fraud in procuring the notes. Hadden v. Rumsey Products, 196 F.2d 92, 95, 96 (2d Cir. 1952). Although the Court of Appeals did not decide whether the Ohio judgment could be attacked by a motion under Rule 60(b)

in the federal court sitting in New York, it would appear reasonable that an event sufficient to confer personal jurisdiction for an independent action should be sufficient to confer such jurisdiction for a 60(b) motion raising the same issues.[2] Here and in *Hadden*, the original court was not presented with and hence did not rule upon the issue asserted collaterally. Alleged lack of jurisdiction, like a fraud upon the court, renders the original judgment void and should equally be a sufficient basis for such jurisdiction.

*II. Personal Jurisdiction of the California Court over Wade*

It is clear and undisputed that the jurisdictional issues must be resolved according to 28 U.S.C. § 1400(a);[3] the Federal Rules of Civil Procedure, Pizzano v. Knowles & Co., 37 F.Supp. 118 (D. Mass.1941); and the California "long-arm" statute (Code of Civ.Proc. § 410.-10), see Droke House Publishers, Inc. v. Aladdin Distributing Corp., 352 F.Supp. 1062 (N.D.Ga.1972). § 410.10 of the California Code provides that:

"A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."

The Comment by the Judicial Council of California which accompanies this section discusses eleven possible bases of jurisdiction of individuals, two of which bases—doing business in the state, and

---

1. See Pennoyer v. Neff, 95 U.S. 714, 24 L. Ed. 565 (1877); J. Moore, 7 Federal Practice ¶ 60.25 [1].

2. See J. Moore, 7 Federal Practice ¶ 60.28 [1], where in connection with *Hadden, supra*, it is stated that:
    "We believe that . . . the court of registration should have the power, as a practical matter, to grant relief by motion under Rule 60(b) for a number of reasons: the court of rendition was no more familiar with the situation than the court of registration; if an independent action to enjoin on the basis of fraud could be brought in the latter forum, as admittedly it could, the judgment creditor can hardly contend that the court of

registration is an inconvenient form [sic] for a disposition of a 60(b) motion raising the same issues; and since by registering the judgment in a particular forum the creditor seeks to utilize the enforcement machinery of that district court it is not unreasonable to hold that the latter court has the power to determine whether relief should be granted the judgment debtor under 60(b)."

3. 28 U.S.C. § 1400(a) provides:
    "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights may be instituted in the district in which the defendant or his agent resides or may be found."

causing an effect in the state by an act or omission elsewhere—plaintiff argues are applicable here. Behind all of these technical tests of jurisdiction, of course, lies the due process requirement of reasonableness is the nature of defendant's acts and their effects and of his relationship to the state such that the exercise of jurisdiction over him is reasonable? See Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

■ The uncontested facts relevant to the jurisdictional issue are these: Plaintiff is a resident of California and there wrote *Astrology and Your Sex Life,* the copyrighted book upon which she bases this action. Wade is a free-lance writer who resides in New York City and conducts all of his business activity in the State of New York, although his books, and periodicals containing articles written by him, are sold in many states, including California. For the lump sum of $45, Wade sold outright the article upon which the California action was based, without reservation of copyright or other interest, to Star Guidance, Inc. ("Star"), a New York-based corporation, in New York City. Subsequently, Star had the article copyrighted and published it in Star's magazine, *Your Personal Astrology,* copies of which were sold in California. Neither party argues that Star acted as an agent for Wade in publishing and selling the magazine, a theory which appears meritless in any event in light of the unconditional nature of Wade's sale to Star and Wade's status as a free-lance writer. This court, therefore, need not consider whether the magazine sales or other activities of Star were sufficient to give the California court in personam jurisdiction over Star, for such jurisdiction would not, by itself, give the court jurisdiction over Wade.

Plaintiff argues, first, that the California District Court had in personam jurisdiction of Wade through the quantum meruit claim, because " . . . by appropriating plaintiff's services which were performed in California [i.e. plaintiff's work in writing the book which was allegedly plagiarized by Wade], Wade at that time impliedly agreed to pay plaintiff the reasonable value for the work, and such implied agreement . . . constituted doing business in the State of California." Concededly a quantum meruit claim may be considered a claim "on the contract" for purposes of jurisdiction, but even plaintiff does not contend that Wade made the "contract" in California. In Hanson v. Denckla, *supra,* the Supreme Court stated:

"The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." 357 U.S. at 253, 78 S.Ct. at 1239.

In Belmont Industries, Inc. v. Superior Ct. of Stanislaus Cty., 31 Cal.App.3d 281, 107 Cal.Rptr. 237 (1973), the California Court of Appeals for the Fifth District, citing *Hanson, supra,* found that a purchase of services from a California corporation, by a purchase order executed out-of-state, did not suffice to give that court jurisdiction of the out-of-state purchaser, even though in the past the purchaser had made similar contracts with the seller and other California drafting firms and had occasionally sent employees to California to confer upon a contract's progress, 31 Cal.App.3d at 288, 107 Cal.Rptr. 237. That court stated:

"Viking's performance in California cannot give jurisdiction over petition-

er; it is petitioner's activity that must provide the basis for jurisdiction. We find no purposeful activity by petitioner from which it can be inferred that it intended to conduct business in California." *Id.* at 288, 107 Cal.Rptr. at 241.

*A fortiori*, it would seem that plaintiff in this case may not, through her quantum meruit claim, base jurisdiction of defendant upon her own performance in California.

Plaintiff next argues that jurisdiction may be based upon her tort claims on the ground that Wade's sale of the article to a magazine was an act done with the intention of causing effects in California or at least an act which could reasonably have been expected to cause effects there, because he allegedly knew the magazine had a large national circulation, including circulation in California, where the original author resided. She further contends that exercise of jurisdiction would be reasonable, asserting that, ". . . since Wade derives substantial benefits which are related to his reputation in the State of California, he has an extensive relationship with that state." Merely to state this argument demonstrates its frailty and the tenuousness of defendant's relationship with California. Surely, knowledge of the magazine's circulation is not tantamount to intent to cause an effect in a specific state, especially where the defendant derived no benefits from the magazine's subsequent use of his article other than a supposed aggrandizement of his reputation and the hypothetical increased value of his works resulting therefrom.

Even if Wade's act is viewed as one which could reasonably be expected to have effects in California, the Judicial Council's Comment suggests that a variety of factors must be considered by a court in determining whether to exercise jurisdiction: ". . . including the extent of the relationship of the state to the defendant and to the plaintiff, the nature and quality of the effects resulting from the act, and the degree of inconvenience which would result to the defendant from being forced to stand suit in the state on the particular cause of action," Comment to § 410.10, 14 West's Ann.Cal.Codes at p. 473. Plaintiff points to defendant's books and articles which are sold in California as the basis for defendant's "extensive relationship" with that state. However, as the California state court noted in *Belmont Industries, supra,*

". . . in evaluating petitioner's activities we must look to the nature and quality of the activity, rather than its quantity (Empire Steel Corp. v. Superior Court, 56 Cal.2d 823, 832, 17 Cal.Rptr. 150, 366 P.2d 502 . . ..)"

31 Cal.App.3d at 288, 107 Cal.Rptr. at 241. Even overlooking the fact that only one of the indicated publications had been published at the time the action was commenced, Wade states, and plaintiff does not dispute, that all of the publishing agreements were negotiated and accepted by Wade in New York (Defendant's Supplemental Affidavit). Such indirect contacts fall far short of an "extensive relationship." Moreover, this court cannot overlook the inconvenience to the defendant, a New Yorker, of having to stand suit in California or any other state where a publication containing his writings happens to be sold, without further benefit to defendant. The California legislature cannot have intended, nor would due process permit, such a far-flung assertion of jurisdiction as is necessary here.

Accordingly, this court finds that the United States District Court for the Central District of California lacked in personam jurisdiction of Wade, so that the judgment which it granted against Wade by default is void and must be set aside pursuant to Rule 60(b), F.R.Civ.

P.[4] Any proceedings or actions taken against Wade under said judgment must likewise fall. Defendant Carlson Wade's motion is therefore granted. Settle order and judgment accordingly.

4. Plaintiff's argument that Wade should not be "rewarded" for not making a special appearance to challenge jurisdiction in the California proceeding is wholly without merit. Jurisdictional limitations would be meaningless if a defendant had to appear in any jurisdiction to avoid losing his jurisdictional defense. That defendant chose to run the risk of incurring a default judgment rather than to go to California and defend himself further attests to the inconvenience of his having to stand suit there.