**In re RUMSEY SHEET METAL, INC., Debtor.**

**Robert WAGNER, Trustee, Plaintiff,**

**v.**

**J & K PLUMBING AND HEATING CO., INC., Defendant.**

**Bankruptcy Nos. 84–20361, 86–2023A.**

United States Bankruptcy Court, W.D. New York.

Feb. 10, 1989.

Joseph J. Steflik, Jr., Binghamton, N.Y., for defendant.

William C. Rieth, Rochester, N.Y., for plaintiff.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This adversary proceeding was brought on by Robert Wagner, the trustee in bankruptcy for Chapter 11 debtor Rumsey Sheet Metal, Inc., to collect accounts receivable owed to the bankruptcy estate by the defendant, J & K Plumbing and Heating Co., Inc. The trustee's complaint was filed on March 13, 1986; the defendant's answer and counterclaim were filed on May 5. A pretrial conference was held on June 30, resulting in an order that discovery be completed by August 15, 1986. After the pretrial conference, discovery was conducted, an amended complaint and answer were filed, and the plaintiff moved for partial summary judgment. The motion was denied on February 13, 1987, 70 B.R. 84, and the adversary proceeding entered a hiatus of over a year.

On June 30, 1988, the Court issued an order that a hearing on final disposition of the adversary proceeding be held on August 1, 1988. On August 1, the trustee, now Louis Ryen, appeared but the defendant did not. The hearing was adjourned to September 6, at which time William Rieth, of counsel to the trustee, appeared; again the defendant did not appear. The matter

was adjourned to September 14, 1988 for trial. On the trial date, Mr. Rieth appeared but the defendant did not, and a default judgment was granted. An order and default judgment were entered on October 24, 1988.

The attorneys for the defendant concede that they received the June 30, 1988 order for a hearing but state that they had no notice of the trial scheduled for September 14, 1988. They offer no consistent explanation for their failure to respond to the June 30 order or to follow up after the date of the scheduled hearing. A notice of the entry of the default judgment and order was issued to the defendant on October 24, 1988. The defendant responded by a letter to the court clerk on October 26, and on November 3 moved to vacate the default judgment under Bankruptcy Rule 7055 and Federal Rules of Civil Procedure 55 and 60(b).

Bankruptcy Rule 7055 provides that Rule 55 of the Federal Rules of Civil Procedure, concerning entry of a party's default and entry of judgment by default, shall apply in adversary proceedings. Section (c) of Fed. R.Civ.P. 55 provides that the Court may set aside a default judgment in accordance with Fed.R.Civ.P. 60(b). Rule 60(b), in turn, specifies six categories of reasons for which a Court may grant relief.

The defendant argues first that failure to provide notice [1] of the plaintiff's application for a default judgment, as required by Rule 55(b)(2), renders the judgment void.

■ Rule 55(b)(2) states that "[i]f the party against whom judgment by default is sought has appeared in the action, the party ... shall be served with written notice of the application for judgment at least 3 days prior to the hearing [2] on such application." The term "appearance" has been given its procedural meaning of "an overt act by which a party against whom a suit has been commenced submits himself to the court's jurisdiction." 27 A.L.R.Fed.

620 (1976 & Supp.1988); *see Bass v. Hoaglund*, 172 F.2d 205 (5th Cir.1949) *cert. denied*, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949) (defendant who filed an answer on the merits has "appeared" for purposes of Rule 55(b)(2)). Here, where the defendant had filed an answer and counter-claim, and in addition had conducted discovery, filed a second answer, and successfully opposed a motion for summary judgment, the defendant had "appeared" and was therefore entitled to notice under Rule 55(b)(2).

■ Failure to satisfy the notice requirement of Rule 55(b)(2) is generally considered to create either a void or voidable judgment. The Second Circuit has been inconsistent in its holdings. But there is no necessity to determine whether the default judgment in this matter, granted without the required Rule 55(b)(2) notice, is void or merely voidable, since under either theory the judgment should be vacated. If the judgment is void, it can be vacated pursuant to Rule 60(b)(4). If it is merely voidable, other considerations require that it be vacated.

There is a strong judicial interest in deciding disputes on the merits, particularly when, as here, genuine issues of fact exist. Furthermore, the plaintiff's failure to notify its opponent of the scheduled trial or the default judgment evinces an eagerness to avoid a trial on the merits and calls into question the plaintiff's good faith.

Rule 55(c) refers to Rule 60(b) to furnish the grounds for granting relief from a default judgment. The defendant urges that § 60(b)(1) or § 60(b)(6) supports a grant of relief from the default judgment. However, § 60(b)(6) is available only in "extraordinary circumstances," which do not exist in this case. *Liljeberg v. Health Serv. Acquisition Corp.*, —— U.S. ——, 108 S.Ct. 2194, 2204, 100 L.Ed.2d 855 (1988). Section 60(b)(1) permits relief from a default judgment on the grounds of mistake,

---

**1.** The default judgment was granted to the plaintiff at the September 14, 1988–trial, when the defendant did not appear. The plaintiff does not challenge the defendant's assertion of lack of notice of application for a default judgment.

**2.** A hearing is not required. *United States v. Borchers*, 163 F.2d 347 (2d Cir.1947), *cert. denied*, 332 U.S. 811, 68 S.Ct. 108, 92 L.Ed. 389 (1947).

**304**

inadvertence, surprise, or excusable neglect. Courts balance additional criteria when granting relief under this subsection: whether the default was willful, the existence of a meritorious defense, and the absence of undue prejudice to the nondefaulting party. *Davis v. Musler,* 713 F.2d 907 (2d Cir.1983). This default was not the result of mistake or misunderstanding, as the defendant argues, but flowed from a conscious decision by the defense attorneys to ignore the June 30 Court order. However, the defendants do appear to have a meritorious defense, and the plaintiff has failed to demonstrate that undue prejudice will result if this matter is reopened. Given the further consideration that the defendants had diligently participated in the case up until their default, and to avoid rendering the default judgment merely punitive, on balance § 60(b)(1) supports a grant of relief from the default judgment.

Rule 60(b) empowers the court to condition its grant of relief from the default judgment upon "such terms as are just." Fed.R.Civ.P. 60(b); *Insurance Co. of N. America v. S/S Hellenic Patriot,* 87 F.R. D. 136 (S.D.N.Y.1980). The plaintiffs are granted, subject to court approval, attorneys' fees and costs for the three court appearances at which the defendants defaulted, and other attorneys' fees and costs which may demonstrably result from this delay of the adversary proceeding.

The default judgment in favor of the plaintiff is vacated, with fees and costs awarded to the plaintiff as specified and it is so ordered.